**Steven Rizzo**, OSB No. 840853
srizzo@rizzopc.com
**Michael Mattingly**, OSB No.953498
mmattingly@rizzopc.com
Rizzo Mattingly Bosworth PC
411 S.W. Second Avenue, Suite 200
Portland, OR 97204
Tel: (503) 229-1819
Fax: (503) 229-0630

ATTORNEYS FOR THE PLAINTIFFS


UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| A.G.; B.J.; D.S.; E.K.; EP.-D.; J.B.; K.R.; M.F.; S.B.; and JANE AND JOHN DOES 1-50, | CASE NO._____ |
| Minor Plaintiffs, | **COMPLAINT AND JURY TRIAL DEMAND** |
| v. | |
| THE OREGON DEPARTMENT OF HUMAN SERVICES ("DHS"), a government agency; JANE DOE CERTIFIER, in her individual capacity, an individual; JANE OR JOHN DOE CERTIFIER-SUPERVISOR 1, in his or her individual capacity, an individual; JUDI MARTIN, in her individual capacity, an individual; JANE OR JOHN DOE CERTIFIER-SUPERVISOR 2, in her or his individual capacity; JANE DOE ADOPTION CASEWORKER, in her individual capacity, an individual; JANE OR JOHN DOE ADOPTION CASEWORKER-SUPERVISOR, in his or her individual capacity, an individual; JAMES EARL MOONEY, in his individual capacity, an individual; JANE OR JOHN DOE CASEWORKERS A 1-9, in their individual capacities; JANE OR JOHN DOE CASEWORKER-SUPERVISORS B 1-9, in their individual capacities; JANE OR JOHN DOE CASEWORKERS C 1-50, in their | |

1 -  COMPLAINT AND JURY TRIAL DEMAND

individual capacities, JANE OR JOHN
DOE CASEWORKER-SUPERVISORS
D 1-50, in their individual capacities;
TANYA BURROUGHS, in her
individual capacity, an individual;
DIANE BRADLEY, in her individual
capacity, an individual; JANE OR JOHN
DOE DEFENDANTS 1-25;  in their
individual capacity;

        Defendants.

## COMPLAINT and JURY TRIAL DEMAND

Plaintiffs allege that at all times relevant and material:

* * *

## PARTIES

**Plaintiffs**

1.    A.G. is a minor child residing in Oregon with the biological mother and sole parent in the State of Oregon.

2.    B.J. is a minor child residing with adoptive parents in Washington.

3.    D.S. is a minor child residing with the biological mother in Oregon.

4.    E.K. is a minor child residing with adoptive parents in Oregon.

5.    E.P.-D. is a minor child residing with adoptive parents in Oregon.

6.    J.B. is a minor child residing with adoptive parents in Oregon.

7.    K.R. is a minor child residing with an adoptive parent in Oregon.

8.    M.F. is a minor child residing with adoptive parents in Idaho.

9.    S.B. is a minor child residing with adoptive parents in Oregon.

10.    All Plaintiffs were sexually abused and/or exposed to sexual abuse and/or were subjected to a substantial risk of harm to their health or welfare and therefore to child abuse.

RIZZO MATTINGLY BOSWORTH PC
411 SW Second Avenue
Suite 200
Portland, OR 97204
T: 503.229.1819 | F: 503.229.0630

11.    Commensurate with the filing of the Complaint and in accord with FRCP 17 the Plaintiffs have also filed Petitions to appoint Guardians *ad litem* to protect their respective interests in this case.

12.    John and Jane Doe Plaintiffs 1-50 (also "Unidentified Plaintiffs") are minor children currently residing with an adoptive parent(s), birth parent(s) or foster parent(s). They were placed and confined in the Mooneys' DHS-certified homes and/or other DHS-certified homes. On information and belief, the Unidentified Plaintiffs were sexually abused and/or exposed to sexual abuse. The Unidentified Plaintiffs were also subjected to a substantial risk of harm to their health or welfare and therefore, to child abuse. The identities of the Unidentified Plaintiffs and the extent of their respective injuries and damages are unknown to the Plaintiffs at the time of this filing, but these matters will become known through discovery.

**Defendants**

13.    Defendant the Oregon Department of Human Services ("DHS") is the governmental agency or instrumentality principally responsible for the delivery and administration of programs and services relating to adoption, child welfare, child protective services and foster care and related functions and services.

14.    The State of Oregon has a power to remove children from their homes and parents, and DHS exercised that power to remove the Plaintiffs involuntarily from their respective parents and siblings. DHS had the legal and physical custody of the Plaintiffs, and it assumed an affirmative non-delegable duty to protect their health, safety and well-being.

15.    Defendant Jane Doe Certifier was the DHS agent or apparent agent, authorized designee and/or employee certifier responsible to initially certify Defendant Mooney and the then-Mrs. Mooney (the "Mooneys")'s application to become a DHS-certified family and to

RIZZO MATTINGLY BOSWORTH PC
411 SW Second Avenue
Suite 200
Portland, OR 97204
T: 503.229.1819 | F: 503.229.0630

certify that the Mooneys' first home and surrounding environment complied with DHS safety standards.

16.     Defendant Jane Doe Certifier was also responsible to monitor the ongoing compliance of the certified home and to protect the safety, health and well-being of children placed and confined by DHS into the Mooneys' DHS-certified home, and that of any other foster care children who were or became susceptible and accessible to the Mooneys. The identity of Defendant Jane Doe Certifier is unknown to Plaintiffs at the time of this filing, but will become known through discovery.

17.     Defendant Jane or John Doe Certifier Supervisor 1 was the DHS agent and/or employee that supervised Defendant Jane Doe Certifier's certification of the Mooneys' application to become a DHS-certified family and certification of the Mooneys' home.

18.     Defendant Jane or John Doe Certifier-Supervisor 1 supervised Jane Doe Certifier's ongoing monitoring of the home and the health, safety and well-being of the foster children that were placed and confined by DHS into the home, and other foster care children whom DHS introduced to the Mooneys. The identity of Defendant Jane or John Doe Certifier-Supervisor 1 is unknown to Plaintiffs at the time of this filing, but will become known through discovery.

19.     Defendant Judi Martin was the DHS agent and/or employee responsible to recertify the Mooneys as a DHS-certified family, and to recertify the Mooneys' subsequent homes and surrounding environments.

20.     Defendant Martin placed and/or acquiesced in the placement of medically fragile newborns, infants and toddlers in the DHS-certified Mooney homes, and she was responsible to ensure that the DHS-certified Mooney family was able to provide the enhanced care, supervision

4 -  COMPLAINT AND JURY TRIAL DEMAND

and services necessary to meet challenging behaviors and protect the health, safety and well-being of such children.

21.    Defendant Martin was responsible to monitor the safety, health and well-being of the Plaintiffs who were placed and confined into the Mooneys' home and/or that of other foster care children that DHS introduced to the Mooneys, to certify and ensure that the Mooneys' home and surrounding environment complied with sanitation and health, fire safety and travel and transportation safety and also, to monitor the ongoing compliance of the certified home.

22.    Defendant Jane or John Doe Certifier-Supervisor 2 was the DHS agent and/or employee that supervised Defendant Martin's recertification of the DHS-certified Mooney family, Martin's reassessment of the Mooneys' DHS-certified homes and surrounding environments, Martin's placement of medically fragile newborns, infants and toddlers into those homes, Martin's provision of ongoing training to the Mooneys and other similarly situated DHS-certified families, and Martin's ongoing monitoring of the Mooneys' DHS-certified homes and the health, safety and well-being of children that were placed and confined by DHS into those homes, and that of other foster care children who were or became susceptible and accessible to the Mooneys. The identity of Defendant Doe Certifier-Supervisor 2 is unknown to Plaintiffs at the time of this filing, but will become known through discovery.

23.    Defendant Jane Doe Adoption Caseworker was the DHS agent and/or employee who handled the adoptive placement of a child by the Mooneys into their DHS-certified home.

24.    Defendant Jane Doe Adoption Caseworker-Supervisor was the DHS agent and/or employee that supervised Defendant Jane Doe Adoption Caseworker's handling of the adoptive placement of a child into the Mooneys' DHS-certified home.

25.    Defendant James Earl Mooney and the then Mrs. Mooney ("the Mooneys") acted

5 -  COMPLAINT AND JURY TRIAL DEMAND

as a DHS-certified family and operated a home that had been approved and certified by DHS agents and employees to provide foster care for unrelated children placed and confined into the home by DHS.   Defendant Mooney was himself a DHS agent, apparent agent, authorized designee and/or employee, and/or partner of DHS, and together the Mooneys were DHS agents, apparent agents, authorized designees and/or, employees and/or in partnership with DHS.

26.      Defendants Jane or John Doe Caseworkers A.1-9 were the DHS agents and/or employees that were the assigned caseworkers for all of the Plaintiffs. The identities of these defendants remains unknown to Plaintiffs at the time of this filing, but will become known through discovery.

27.      Defendants Jane or John Doe Caseworker-Supervisors B. 1-9 were the DHS agents and/or employees that supervised Defendants Jane or John Doe A. 1-9.  The identities of these defendants remains unknown to Plaintiffs at the time of this filing, but will become known through discovery.

28.      Defendants Jane or John Doe Caseworkers C. 1-50 were the DHS agents and/or employees that were the assigned caseworkers for all Unidentified Plaintiffs. The identities of these defendants remains unknown to Plaintiffs at the time of this filing, but will become known through discovery.

29.      Defendants Jane or John Doe Caseworker-Supervisors D. 1-50 were the agents and/or employees of DHS that supervised Defendants Jane or John Doe Caseworkers C. 1-50. The identities of these defendants remains unknown to Plaintiffs at the time of this filing, but will become known through discovery.

30.      Defendant Tanya Burroughs was the DHS agent and/or employee who worked in the agency's Child Protective Services division ("CPS").  Burroughs was responsible to perform

6 -   COMPLAINT AND JURY TRIAL DEMAND

the CPS assessment and/or screening in connection with any report of child abuse or neglect.

31.    Defendant Burroughs also became an agent, participant and/or partner in a multidisciplinary investigation team that consisted of DHS, the Salem Police Department and the Marion County District Attorney's Office and others performing investigative duties and functions following the report of child abuse regarding Defendant Mooney.

32.    Defendant Diane Bradley was the DHS agent and/or employee that supervised Defendant Burroughs' Child Protective Services assessment, screening and investigation in connection with the report of child abuse regarding Defendant Mooney.

33.    Defendant Burroughs also advised, lead, participated in and/or supervised the duties and functions of the DHS/Salem Police Department/Marion County District Attorney's Office multidisciplinary investigative team in connection with a report of abuse regarding Defendant Mooney.

34.    Defendants Jane or John Does 1-25 are other persons who aided and/or assisted and/or engaged in the alleged constitutional deprivations, statutory violations and torts, including administrators, attorneys, caseworkers, counselors, consultants, designees, detectives, directors, nurses, officials, physicians, police officers, program managers, psychologists, supervisors and/or volunteers. The identities of Defendant Does 1-25 is not known to Plaintiffs at the time of this filing, but will become known through discovery.

* * *

## JURISDICTION

35.    The Court has jurisdiction under the Civil Rights Act, 42 USC §§1983 and 1988 and the Adoption Assistance and Child Welfare Act of 1980, Public Law 96-272, 28 USC §1331 (federal question) and also in part, 28 USC §1332 (diversity). The Court also has supplemental

7 -   COMPLAINT AND JURY TRIAL DEMAND

jurisdiction over the state law claims under 28 USC §1367.

\* \* \*

## FACTUAL ALLEGATIONS

36.     The State of Oregon has a coercive power to remove children from their parents and siblings, and to place them into foster care.

37.     The Adoption Assistance and Child Welfare Act of 1980, Public Law 96-272 ("AACWA") amended Title IV-E of the Social Security Act to provide federal reimbursement to States (including Oregon) for foster care maintenance payments that they make on behalf of eligible children.

38.     In order for Oregon to be eligible for such reimbursement, the AAWCA provides that Oregon must submit an approved plan that provides for the designation or establishment of a State authority responsible for establishing and maintaining standards for foster care, including standards that protect the health and safety and civil rights of a child placed into a foster care setting. 42 USC §671(a)(10).  In Oregon, that authority is DHS.

39.     The requisite features of Oregon's plan provide that a foster child's health and safety are of paramount concern.   42 USC §671(a)(15).   Oregon is required to provide for periodic review of standards and to develop a case plan and review system for each child.   42 USC §671(a)(16)

40.     Oregon is required to create a case plan for each child that outlines the safety and appropriateness of a foster care placement, and assures that the child receives safe and proper care and it is required to create a case plan review system to assure that each child has a case plan designed to achieve placement in a safe setting.  42 USC §675(1)(A),(B), 42 USC §675(5).

41.     Oregon submitted its Title IV-E State Plan in accord with the requirements of the

RIZZO MATTINGLY BOSWORTH PC
411 SW Second Avenue
Suite 200
Portland, OR 97204
T: 503.229.1819 | F: 503.229.0630

AACWA, and it acted as the applicant for and on behalf of the Plaintiffs in consideration of federal reimbursement for foster care maintenance payments.

42.     In approximately January 2007, the Mooneys applied to DHS to obtain a Certificate of Approval in order to maintain and operate a certified foster home to provide care for children in the care, custody, and control of DHS.

43.     On information and belief, DHS required both of the Mooneys to apply to become a DHS-certified family because they were then lawfully married.

44.     A DHS-certified family is/are an individual or individuals who hold a Certificate of Approval issued by DHS to operate the home in which they reside to provide foster care to a child in the care, control and custody of DHS.  Foster care means 24-hour substitute care for children that DHS placed and confined away from their parents and for whom DHS has placement and care responsibility.

45.     In connection with the January 2007 application, DHS designated the Mooneys as subject individuals.  A subject individual is a person who applies to become a DHS-certified family or foster care parent as defined and described in the AAWCA, Oregon Revised Statutes and DHS Administrative Regulations, Child Welfare Policies and Standards.

46.     As subject individuals, DHS required the Mooneys to individually submit references, allow face-to-face contacts and also authorize the performance of a thorough background check regarding their respective educations, family backgrounds and employment histories, and indications of cooperation and honesty.

47.     DHS was sued previously on numerous occasions for an alleged lack of diligence in pursuing background investigations of subject individuals, and the agency represented publically that as a result of the lawsuits it instituted comprehensive background investigation

9 -  COMPLAINT AND JURY TRIAL DEMAND

methods.

48.    As subject individuals, DHS required the Mooneys to demonstrate and possess personal qualifications specified and/or required by DHS.

49.    As subject individuals, DHS required the Mooneys to possess the ability to exercise sound judgment and demonstrate responsible, stable, emotionally mature behavior within their developmental and cognitive abilities, and to also possess the physical and mental capacity to care for a child.

50.    On information and belief, DHS did not request or require the Mooneys to provide any cognitive, counseling, educational, emotional, medical or psychiatric or psychological records.   DHS also did not request or require the Mooneys to undergo any cognitive, emotional, medical, psychiatric or psychological evaluation or sex offender assessment.

51.    As subject individuals, DHS required the Mooneys to demonstrate and maintain the ability to manage their home and personal affairs, and to have adequate financial resources to support the household independent of the monthly payments and reimbursements provided by DHS.

52.    As subject individuals, DHS required the Mooneys to submit to an in-home safety assessment of any conditions that may affect the health, safety and well-being of the child.  The DHS home study process included a comprehensive inquiry into the Mooneys' personal and family histories and family dynamics.

53.    As subject individuals, DHS required the Mooneys to maintain conditions in the home that provided for the safety, health and well-being of children placed in the home by DHS. DHS also required the Mooneys to ensure that the home and surrounding environment complied

RIZZO MATTINGLY BOSWORTH PC
411 SW Second Avenue
Suite 200
Portland, OR 97204
T: 503.229.1819 | F: 503.229.0630

with general conditions, sanitation and health, fire safety and travel and transportation safety.

54.    As subject individuals, DHS required the Mooneys to participate in its orientation prior to receiving a Certificate of Approval.   The Mooneys were required to complete at least 30 hours of training designed to strengthen their ability to meet the health, safety, and well-being needs of a foster child.

55.    In addition to the possession and demonstration of the personal qualifications required by DHS, the Mooneys were required to learn and apply effective childrearing and behavior intervention practices, respect the child's sexual orientation and disabilities, help the child to build positive personal relationships and self-esteem and incorporate positive, non-punitive discipline.

56.    By approximately February 2007, DHS had apparently completed the application process and background check, the in-home safety assessment and home study process and also by that date, the Mooneys' had completed their required DHS orientation and training as well.

57.    On information and belief, in February 2007, DHS formally issued the Mooneys a Certificate of Approval.   At that time, the Mooneys were only 22 years old.   They had been married for six months.   They were a childless couple, and they had no prior experience acting together as foster care providers.   Mrs. Mooney was unemployed and Defendant Mooney was doing auto repair work.   Their DHS-certified home was a small apartment.

58.    Upon becoming a DHS-certified family, the Mooneys were further required to comply with all DHS standards regarding the care of children.   DHS expected and intended that both of the Mooneys were responsible to provide foster care.

59.    As a DHS-certified family, the Mooneys were required to work in partnership with DHS, to respect and support DHS efforts to meet the identified needs of each child placed

11 - COMPLAINT AND JURY TRIAL DEMAND

into the certified home, and to follow through and comply with DHS' personal care services plans, prescribed activities restrictions, services, supervision plans and transition plans and also visitation.

60. As a DHS-certified family, the Mooneys were required to work cooperatively with DHS, the child, and the family to support DHS case plans, which included the fostering of a child's emotional and intellectual development and the provision of medical care.

61. As a DHS certified family, the Mooneys were required to work collaboratively with DHS to manage a child's health care needs. They were required to facilitate and involve the child in dental, medical, and mental health appointments, to promote the regular exchange of protected health care records and information with DHS, and to maintain a child's healthcare-related documentation.

62. As a DHS certified family, the Mooneys were required to notify DHS of any circumstance affecting the health, safety, and well-being of any child placed and confined in the home by DHS.

63. As a DHS certified family, the Mooneys were required to comply with DHS' direction regarding the dental, medical, and mental health care for a child, including immunization and vaccination.

64. As a DHS certified family, the Mooneys were required to contact a child's DHS caseworker to obtain prior consent before the child received any non-routine medical care or procedure, and they were authorized by DHS to consent to a child's examinations and laboratory tests. The Mooneys were also were required to notify DHS in connection with any child's need for emergency care.

65. As a DHS-certified family, in furtherance of DHS case plans for each child, the

RIZZO MATTINGLY BOSWORTH PC
411 SW Second Avenue
Suite 200
Portland, OR 97204
T: 503.229.1819 | F: 503.229.0630

Mooneys were authorized by DHS to administer prescription medications and record the dosage, date and time of the administration on forms supplied by DHS.

66.    DHS dictated the maximum number of children and adults that could live in the home and as a DHS-certified family, the Mooneys were required to seek DHS approval prior to offering or providing any other formal or informal child care in the home and/or prior to accepting a child for placement from another agency.

67.    As a DHS-certified family, the Mooneys were required to allow both scheduled and unscheduled home visits by other DHS employees and to also allow them to have unsupervised contact in the home with any child.

68.    As a DHS certified family, the Mooneys were required to consult with a child's DHS caseworker regarding the child's participation in certain activities outside the certified home and to notify the DHS caseworker or the caseworker's supervisor and obtain approval prior to any child's absence from the certified family home for more than 24 hours.

69.    As a DHS-certified family, the Mooneys were required to identify and select a safe and responsible respite care provider.  Respite care is a formal planned arrangement to relieve a DHS-certified family by temporarily assuming responsibility for the care and supervision of a child in the home of the respite care provider or in the DHS-certified home.  A respite care provider is an individual who volunteers or is employed by a DHS-certified family to assist in providing care and supervision to a child placed and confined in the family's DHS-certified home.

70.    DHS required the Mooneys to identify and select a safe and responsible respite care provider and to assure that the respite care provider was capable of providing for the safety, health and well-being of the children.  DHS reserved the right to require the Mooneys to provide

13 - COMPLAINT AND JURY TRIAL DEMAND

identifying information to assist DHS in conducting a criminal records check on any respite care provider.

71.    As a DHS-certified family, the Mooneys were required to understand child behaviors and have the ability to develop and use appropriate discipline strategies to address challenging behaviors.   DHS knew that physical punishment in retaliation for challenging behaviors can be devastating to a child placed in its foster care system.

72.    As a DHS-certified family, the Mooneys were not permitted to use or threaten physical force, use threats or intimidation or use or threaten the use of restraining devices, and they were required to notify DHS and request assistance when challenging behaviors went beyond their ability to discipline a child in a positive manner.

73.    As a DHS-certified family, the Mooneys were required to act as mandatory reporters upon reasonable cause to believe that any adult or child with whom they came into contact had suffered abuse or neglect.

74.    As a DHS-certified family, the Mooneys were not permitted to subject any child to abuse as defined in ORS 419B.005, including any assault, any mental injury, rape, sodomy and/or sexual abuse, and/or negligent treatment regarding any failure to provide medical care that was likely to endanger the health or welfare of the child.

75.    As a DHS-certified family, the Mooneys were required to not subject any child to threatened harm, which means subjecting any child to a substantial risk of harm to the child's health or welfare.

76.    As a DHS-certified family, the Mooneys were required to prevent anyone from influencing a child regarding allegations in a judicial or administrative proceeding in which the family or legal guardian of the child, the child or another individual may be involved.

14 - COMPLAINT AND JURY TRIAL DEMAND

RIZZO MATTINGLY BOSWORTH PC
411 SW Second Avenue
Suite 200
Portland, OR 97204
T: 503.229.1819 | F: 503.229.0630

77.    Upon formal issuance of the Certificate of Approval, the Mooneys were also granted important statutory and administrative rights and privileges.

78.    As a DHS-certified family, the Mooneys had the right to be included as a valued member of team that provided care and planning for a child that DHS placed and confined in the certified home.

79.    As a DHS-certified family, the Mooneys had the right to be treated with dignity, respect and trust as a valued member of the team.

80.    As a DHS-certified family, the Mooneys had the right to receive support services from DHS that were designed to assist in the care of a child, and they had the right to access DHS personnel and its service providers 24 hours a day, seven days a week.

81.    As a DHS-certified family, the Mooneys had the right to have input into a child's permanency plan, receive assistance from DHS in dealing with family loss and separation whenever a child left the certified home, and to be informed of all DHS policies and procedures relating to their role as a DHS-certified family.

82.    As a DHS-certified family, the Mooneys had the right to be informed of any condition related to a child that DHS confined and placed in their DHS-certified home which jeopardized the health or safety of the Mooneys, including complete access to written reports, psychological evaluations and diagnoses.

83.    As a DHS-certified family, the Mooneys were granted the right to be notified of and to participate in juvenile court proceedings relating to foster children confined and placed in the certified home.

84.    As a DHS-certified family, the Mooneys were granted the right not to be discriminated against based on race, color, religion, sexual orientation, national origin, age or

RIZZO MATTINGLY BOSWORTH PC
411 SW Second Avenue
Suite 200
Portland, OR 97204
T: 503.229.1819 | F: 503.229.0630

disability.

85.    As a DHS-certified family, the Mooneys had the right to receive written notice of the revocation of their Certificate of Approval.  Upon issuance of such notice, the Mooneys had the right to request a contested case hearing under ORS Chapter 183 prior to any revocation of the Certificate of Approval.

86.    As a DHS-certified family, the Mooneys had the right to expect and receive payment and reimbursement for essential partnering with DHS.

87.    On information and belief, on or prior to the issuance of the Certificate of Approval, DHS provided the Mooneys with liability insurance coverage through the State of Oregon Risk Management Division, and the Mooneys also received eligibility to purchase medical and dental insurance through the State of Oregon employees insurance program.

88.    On information and belief, on or prior to the issuance of the Certificate of Approval, the Mooneys learned that DHS-certified families that were entrusted with medically fragile newborns, infants and toddlers received higher reimbursement payments.

89.    Medically fragile newborns, infants and toddlers had developmental, emotional and/or physical disabilities, special needs and challenging behaviors. They suffered from drug withdrawal symptoms, an impaired ability to form a sucking reflex and difficulty feeding.  They had difficulty forming an attachment with adult caregivers, and they cried and screamed excessively which required specialized intervention to develop a strong attachment which varied according to the child's individual needs. The increased reimbursement payment was based on the enhanced duties and skill level necessary to meet the needs and challenging behaviors of such children.

90.    The Plaintiffs were medically fragile newborns, infants and toddlers.

RIZZO MATTINGLY BOSWORTH PC
411 SW Second Avenue
Suite 200
Portland, OR 97204
T: 503.229.1819 | F: 503.229.0630

91.     DHS knew that children were abused in its foster care system, and it also knew that as very young children, the Plaintiffs were at an increased risk of abuse and significant developmental, behavioral, and emotional problems.  DHS knew that the Plaintiffs would not understand or be able to verbalize details of abuse or neglect, and DHS knew that it had to exercise heightened scrutiny and supervision in order to protect the Plaintiffs' health, safety and well-being.

92.     In late February or early March 2007, DHS agreed to place and confine the Plaintiffs into the Mooneys' DHS-certified home.  Plaintiffs B.J. and S.B. were placed and confined into another DHS-certified family.  DHS had a special relationship with all of the Plaintiffs and it was responsible for the conditions of their placement and confinement.

93.     DHS rendered the Plaintiffs susceptible and accessible to the Mooneys, and the Plaintiffs were emotionally, mentally and physically dependent on the Mooneys for their sustenance and protection.  The Plaintiffs were powerless to understand the behavior, circumstances and conditions to which they were exposed.  Isolated from their respective parents and families, the Plaintiffs were defenseless and helpless children.

94.     DHS created a special danger to the Plaintiffs that they would not have otherwise faced.  Defendant Mooney was raised in a family with dysfunctional characteristics that relocated frequently.  As a juvenile in the State of Washington, Defendant Mooney regularly watched pornography in the family home.  Defendant Mooney watched a parent engage in the sexual abuse of his sibling, and he sexually abused and molested infants in his mother's in-home day care.  In addition, Defendant Mooney regularly engaged in acts of bestiality with dogs and cats and was involved repeatedly in acts of theft.  He also committed arson.  Defendant Mooney suffered from other behavioral and/or cognitive disabilities, drifted among different schools and

17 - COMPLAINT AND JURY TRIAL DEMAND

RIZZO MATTINGLY BOSWORTH PC
411 SW Second Avenue
Suite 200
Portland, OR 97204
T: 503.229.1819 | F: 503.229.0630

was ultimately placed into a special education program.

95.     DHS knew and should have known that very bad things were going to happen to the Plaintiffs. From approximately February 2007 through May 2011, there were ongoing and escalating signs and symptoms of psychological distress occurring in the Mooneys' DHS-certified home that were consistent with and suggestive of sexual abuse and/or child abuse. The information that was being reported in the Plaintiffs' ongoing case plans and medical reports included evidence of anxiety and self harm, such as biting, hitting and pulling out hair and scratching, fecal smearing on objects and walls, suspicion of Defendant Mooney and improved demeanor upon learning that Mrs. Mooney was present. Defendant Martin and Doe Defendant Caseworkers and Caseworker-Supervisors ignored these ongoing and escalating signs and symptoms of psychological distress.

96.     From approximately February 2007 through May 2011, there were ongoing and escalating physical signs and symptoms occurring in the Mooneys' DHS-certified home that were consistent with and suggestive of sexual abuse and/or child abuse. The information that was being reported in ongoing case plans and medical reports included evidence of breathing problems, complaints of pain while urinating and during bowel movements, diarrhea, eating disturbances, difficulty with certain food textures and gagging on food, rash formation and redness on the buttocks, and sucking on random objects and vomiting. Defendant Martin, Defendant Doe Caseworkers and Doe Caseworker-Supervisors ignored these ongoing and escalating physical signs and symptoms.

97.     On April 29, 2011, AG (who had left the Mooneys' DHS-certified home in February 2011) disclosed to a prospective Idaho adoptive parent that Defendant Mooney had inserted his penis in AG's mouth when they were in the shower and that it tasted awful.

18 - COMPLAINT AND JURY TRIAL DEMAND

98.    Also on April 29, 2011, DHS was notified about AG's statement.  Defendant Burroughs and her supervisor, Defendant Bradley, became part of a multidisciplinary team along with the Salem Police Department and the office of the Marion County District Attorney. Together, they were required to conduct a multidisciplinary team investigation and Child Protective Services Assessment ("CPSA").

99.    On May 4, 2011, Defendants Burroughs and Bradley instructed Defendant Mooney that he was required to vacate the Mooneys' final DHS-certified home and surrounding environment, pending the outcome of the multidisciplinary team investigation and CPSA.

100.    On May 15, 2011, Defendant Mooney was interviewed by Salem Police Department Detective Staples regarding A.G.'s statement.  Defendant Mooney told him that his penis made brief, accidental contact with A.G.'s hand and/or mouth while the two were showering together.

101.    On June 21, 2011, Defendant Mooney drove to the Salem Police Department to further  discuss the matter of A.G.'s statement.  Defendant Mooney waived his right to counsel and informed Salem Police Department Detectives that he had sexually abused A.G. while in the shower.

102.    Defendant Mooney told Detectives that on and prior to February 2007 through May 2011, he committed multiple and repeated acts of sexual abuse and/or child abuse that occurred in one or more of the Mooneys' DHS-certified homes, in DHS-certified homes of other DHS-certified families, and also in the Mooneys' van while transporting the Plaintiffs to and from DHS-required medical appointments.

103.    Defendant Mooney told Detectives that he was annoyed and upset when the Plaintiffs woke up during the night crying and screaming.  He attempted to apply his DHS

19 - COMPLAINT AND JURY TRIAL DEMAND

RIZZO MATTINGLY BOSWORTH PC
411 SW Second Avenue
Suite 200
Portland, OR 97204
T: 503.229.1819 | F: 503.229.0630

intervention training to these and other challenging behaviors, but had difficulty providing appropriate care. Defendant Mooney also volunteered that he had a longstanding problem controlling his behavior toward animals and small children, and that he was aroused by the bodies of the medically fragile newborn, infant and toddler Plaintiffs.

104. Defendant Mooney described to Detectives the manner in which he repeatedly abused the Plaintiffs. At approximately 6'1" and weighing 250 pounds, Defendant Mooney positioned himself by kneeling over top of the Plaintiffs while they were lying down; he grabbed their heads with both hands and worked his flaccid penis into their mouths. Defendant Mooney described that when his penis became erect he sometimes would force it all the way down the Plaintiffs' throats. On numerous occasions Defendant Mooney ejaculated into the mouths and throats of the medically fragile newborn, infant and toddler Plaintiffs.

105. Defendant Mooney acted in response to the Plaintiffs' challenging behaviors and he also acted to gratify his deviant sexual desire. His use of physical force hurt the Plaintiffs, and he made them choke, cough, cry and gag and sometimes his ejaculations caused the children to swallow and then vomit his semen.

106. Defendant Mooney described further that he repeatedly humped several of the Plaintiffs' bare buttocks until he ejaculated, or that while he remained clothed he forcefully rubbed his penis on the Plaintiffs' buttocks until he became erect and ejaculated into his pants. Defendant Mooney described, for example, that while he was parked at a physician's office and waiting for another Plaintiff's DHS-mandated medical appointment to conclude, he climbed into the backseat of the transport van and forced his flaccid penis into the mouth and throat of the Plaintiff (B.J.) who was strapped down in a car-seat, and after he achieved an erection he ejaculated into B.J.'s mouth and down her throat. Defendant Mooney was placed under arrest at

RIZZO MATTINGLY BOSWORTH PC
411 SW Second Avenue
Suite 200
Portland, OR 97204
T: 503.229.1819 | F: 503.229.0630

the conclusion of his interview with the Detectives.

107.    On information and belief, from approximately February 2007 through May 2011, approximately 50 Plaintiffs - medically fragile newborns, infants and toddlers were placed and confined into the Mooneys' DHS-certified homes.  Defendant Mooney could not remember the names of all of the Plaintiffs that he abused sexually and/or exposed to sexual abuse and/or subjected to child abuse.

108.    From approximately February 2007 through May 2011, DHS assigned a different caseworker to each or many of the Plaintiffs.  During their respective periods of confinement in the Mooneys' DHS-certified homes, DHS did not have an apparatus and/or procedure to review and compare the varying DHS caseworkers' ongoing case plans and medical reports regarding the Plaintiffs.  DHS also did not have any apparatus or procedure in place to review and compare those plans and reports retrospectively.

109.    On information and belief, as part of the CPSA and multidisciplinary team investigation, Doe Caseworkers A.1-9 and Doe Defendant Caseworker-Supervisors B.1-9 participated in a review of the ongoing case plans and related medical information for the Plaintiffs that they compiled during their respective periods of placement and confinement in the Mooneys' DHS-certified homes from February 2007 through May 18, 2011.

110.    On information and belief, Doe Defendant Caseworkers A.1-9 and Doe Defendant Caseworker-Supervisors B.1-9 prepared a document entitled "Assessment" that referenced the above-alleged physical and psychological signs and symptoms that were consistent with and suggestive of sexual abuse which had previously been ignored.  DHS provided the Assessment only to the Marion County District Attorney in order to corroborate Defendant Mooney's statements made on June 21, 2011.

RIZZO MATTINGLY BOSWORTH PC
411 SW Second Avenue
Suite 200
Portland, OR 97204
T: 503.229.1819 | F: 503.229.0630

111.    Absent discovery, it is presently unknown whether Doe Defendant Caseworkers C.1-50 and Doe Defendant Caseworker-Supervisors D.1-50 also retrospectively reviewed their ongoing case plans, medical information and reports for each of the Unidentified Plaintiffs who were placed and confined in the Mooneys' DHS-certified homes from February 2007 through May 18, 2011.

112.    On November 2, 2011, in accordance with the statutory and administrative rights and privileges accorded to a DHS-certified family, the DHS Child Welfare Program issued to the Mooneys a Notice of Intent to Revoke Certificate of Approval to Operate a Foster Home.

113.    On January 23, 2012, the Marion County Circuit Court held a sentencing hearing for Defendant Mooney, albeit on only for limited offenses.  DHS and the Marion County District Attorney's Office had delayed and/or rescheduled the sentencing hearing on several prior occasions to avoid any media exposure and they issued no public statement or health advisory. DHS and the Marion County District Attorney's Office did not advise the parents and families of the Plaintiffs regarding the progress of the prosecution or the sentencing hearing schedule, and the Marion County District Attorney's Office ignored written correspondence from J.B., requesting to be kept apprised of the prosecution.  On the January 23 date, no media was present at the hearing, and none of the Plaintiffs or Unidentified Plaintiffs and their respective adoptive, birth or foster families were present at the hearing.

114.    At the commencement of the sentencing hearing, the Marion County Assistant District Attorney ("Attorney") attempted to close the proceedings to public access and to seal the record of the case.  The trial court rejected that attempt.   In the course of the public sentencing, the Attorney referred to Defendant Mooney's June 21, 2011 statements to Detectives but omitted reference to Defendant Mooney's status as a DHS-certified family or to the impact of the

RIZZO MATTINGLY BOSWORTH PC
411 SW Second Avenue
Suite 200
Portland, OR 97204
T: 503.229.1819 | F: 503.229.0630

corroborative Assessment provided by DHS.

115.    At the time of sentencing, the trial court addressed Defendant Mooney and indicated that his acts and omissions as described to the court were some of the *"most horrific"* the court had ever encountered.

116.    On February 23, 2012, the DHS Child Welfare Program issued a Final Order revoking the Mooneys' Certificate of Approval ("DHS Order"). In relevant part, the DHS Order made findings of fact, including that Defendant Mooney *"did not exercise sound judgment or demonstrate responsible, stable, emotionally mature behavior in connection with his acts of sexual abuse,"* and that Defendant Mooney *"did not maintain conditions in the home that provided safety and well-being for children in the home."*

117.    The DHS Order also found that Defendant Mooney's *"actions subjected the other children in the home to a substantial risk of harm to their health or welfare, and, therefore, subjected the other children in the home to child abuse"* and further that, Defendant Mooney *"[wa]s unable or unwilling to protect children placed in the home."* No appeal of the DHS Order was taken by either party to the administrative proceeding.

118.    On information and belief, DHS did not advise the Plaintiffs or Unidentified Plaintiffs regarding the DHS Order, and Defendants Burroughs and Bradley did not fully inform the Plaintiffs or Unidentified Plaintiffs regarding nature and extent of the health and safety risks posed by having been sexually abused and/or exposed to sexual abuse, and/or having been subjected to child abuse.

119.    On information and belief, Defendant Martin was reprimanded or reassigned.

* * *

## CLAIMS FOR RELIEF

23 - COMPLAINT AND JURY TRIAL DEMAND

**FIRST CLAIM FOR RELIEF:  42 USC §1983 - Deprivation of Civil Rights**

**(Against all Defendant Individuals)**

120.    The Plaintiffs reallege and incorporate by reference all prior allegations.

121.    42 USC §1983 provides in relevant part that every person who under color of any statute, ordinance, regulation, custom, or usage, subjects or causes to be subjected, any citizen of the United States to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proceeding for redress.

122.    The Fourteenth Amendment to the United States Constitution provides that no State shall deprive any person of life, liberty or property without due process of law.

123.    Each and every Plaintiff had a recognized liberty interest in the right to bodily integrity and caseworker supervision as well as the right to be protected from harm resulting from their placement and confinement in the Mooneys' DHS-certified homes.

124.    The Eighth Amendment to the United States Constitution provides that cruel and unusual punishments shall not be inflicted.

125.    Each and every Plaintiff had a recognized liberty interest in the right to safe conditions of confinement and in the right to be protected against cruel and unusual punishment while involuntarily confined in the Mooneys' DHS-certified home.

126.    The Oregon Title IV-E State Plan, together with the relevant Oregon Revised Statutes and promulgation of DHS Oregon Administrative Rules, along with DHS' Child Welfare Policies and Standards and its customs and practices regarding the provision of foster care constituted state action.  All defendants were state actors and/or they acted under color of state law.

RIZZO MATTINGLY BOSWORTH PC
411 SW Second Avenue
Suite 200
Portland, OR 97204
T: 503.229.1819 | F: 503.229.0630

127.   All defendants exercised power possessed by virtue of Oregon law and they deprived the Plaintiffs of procedural and substantive due process of law.

## COUNT 1

### (Defendant Jane Doe Certifier)

128.   Defendant Jane Doe Certifier was a state actor when he or she certified and/or recommended certification of the Mooneys' application to become a DHS-certified family and the Mooneys' initial home and surrounding environment.

129.   Doe Certifiers acted with deliberate indifference to the Plaintiffs' recognized liberty interests and rights and/or substantially departed from accepted professional judgment, practice or standards in one or more of the following ways:

a)  In certifying or recommending certification of the Mooneys to act as a DHS-certified family;

b)  In failing to request the Mooneys to provide any cognitive, counseling, educational, emotional, medical or psychiatric or psychological records;

c)  In failing to request the Mooneys to undergo cognitive, emotional, medical, psychiatric or psychological evaluation or sex offender assessment;

d)  In conducting a cursory and/or inadequate background investigation and check on the Mooneys;

e)  In certifying or recommending certification of the Mooneys' initial home and surrounding environment; and/or

f)  In allowing or recommending that the Mooneys – childless and newly-married – be authorized to provide care for medically fragile infants and toddlers.

130.   Defendant Doe Certifier's deliberate indifference and/or substantial departures

RIZZO MATTINGLY BOSWORTH PC
411 SW Second Avenue
Suite 200
Portland, OR 97204
T: 503.229.1819 | F: 503.229.0630

from professional judgment, practices or standards proximately caused the injuries and damages suffered by the Plaintiffs.

## COUNT 2

### (Defendant Doe Certifier-Supervisor 1)

131.    Defendant Doe Certifier Supervisor 1 was a state actor acted when he or she approved Defendant Jane Doe's certification and/or recommended certification of the Mooneys' application to become a DHS-certified family and the Mooneys' initial home and surrounding environment.

132.    Defendant Doe Certifier Supervisor 1 acted with deliberate indifference to the Plaintiffs' recognized liberty interests and rights and/or departed substantially from accepted professional judgment, practice or standards in one or more of the following ways:

a)  In acquiescing in or approving Jane Doe Certifier's certification or recommended certification of the Mooneys to act as a DHS-certified family; and/or,

b)  In acquiescing  in, approving or ignoring Jane Doe Certifier's failure to request the Mooneys to provide any cognitive, counseling, educational, emotional, medical or psychiatric or psychological records;

c)  In acquiescing  in, approving or ignoring Jane Doe Certifier's failure to request the Mooneys to undergo cognitive, emotional, medical, psychiatric or psychological evaluation or sex offender assessment;

d)  In acquiescing  in, approving or ignoring Jane Doe Certifier's failure to conduct a comprehensive and/or thorough background investigation and check on the Mooneys;

e)  In acquiescing  in or approving Jane Doe Certifier's certification or recommended certification of the Mooneys' initial home and surrounding environment;

RIZZO MATTINGLY BOSWORTH PC
411 SW Second Avenue
Suite 200
Portland, OR 97204
T: 503.229.1819 | F: 503.229.0630

f)  In acquiescing in or approving Jane Doe Certifier's certification or recommended certification of the Mooneys' initial home and surrounding environment;

g)  In acquiescing in, allowing or approving the Mooneys – childless and newly-married – to provide care for medically fragile infants and toddlers; and/or

h)  In having provided inadequate training and/or an inadequate training program regarding certification.

133.    Defendant Doe Certifier-Supervisor 1's deliberate indifference and/or substantial departures from professional judgment, practices or standards proximately caused the injuries and damages suffered by the Plaintiffs.

## COUNT 3

### (Defendant Judi Martin)

134.    Defendant Martin was a state actor when she recertified the Mooneys and their subsequent homes and surrounding environments, when she placed and continued to place medically fragile newborn, infant and toddler Plaintiffs into those homes, and when she conducted the medical support group meetings, follow-up and supervision of the Mooneys and the safety, health and well-being of the Plaintiffs.

135.    From approximately February 2007 through May 2011, Defendant Martin facilitated regular meetings with similarly situated DHS-certified families in order to share information and obtain advice from professionals regarding the care and supervision of medically fragile infants and toddlers.  The Mooneys attended these meetings, and Defendant Mooney was thereby introduced to other DHS foster children, including B.J. and S.B. who were susceptible and accessible to him.

136.    On information and belief, Defendant Martin knew that Defendant Mooney was

27 - COMPLAINT AND JURY TRIAL DEMAND

unemployed for an extended period of time and that he had left the State during other periods to find work apparently.  Defendant Martin knew that the Mooneys were dependent on DHS payment and reimbursement. Defendant Martin placed and confined an excess number of Plaintiffs into the Mooneys' DHS-certified homes beyond the number of children they were certified for in order to assist the Mooneys in meeting expenses.  Defendant Martin knew that the Mooneys were dependent on DHS for their livelihood, and she also knew that the Mooneys changed addresses approximately four different times while they were a DHS-certified family.

137.    Defendant Martin was enmeshed with the Mooneys and she ignored these and other violations of DHS policy, practice and protocol and continued to place and confine the Plaintiffs in the Mooneys' DHS-certified homes.

138.    Defendant Martin acted with deliberate indifference to the Plaintiffs' recognized liberty interests and rights and/or departed substantially from accepted professional judgment, practice or standards in one or more of the following ways:

   a)  In certifying and/or recertifying both of the Mooneys to act as a DHS-certified family;

   b)  In certifying and/or recertifying the Mooneys' homes;

   c)  In allowing or continuing to allow both of the Mooneys to provide care for medically fragile infants and toddlers;

   d)  In placing and continuing to place and confine the Plaintiffs in the Mooneys' homes;

   e)  In ignoring information in the Plaintiffs' ongoing case plans regarding physical and psychological signs and symptoms of sexual abuse and child abuse;

   f)  In ignoring the Mooneys' inability to demonstrate and maintain the ability to manage their home and personal affairs;

   g)  In ignoring the Mooneys' lack of adequate financial resources to support the household

28 - COMPLAINT AND JURY TRIAL DEMAND

independent of the monthly DHS-financed payments and reimbursements;

h) In rendering the Mooneys dependent on DHS-financed payments and reimbursements;

i) In failing to protect the health, safety and well-being of the Plaintiffs; and/or

j) In becoming enmeshed with Mrs. Mooney at the expense of the best interests of the Plaintiffs.

139.    Defendant Martin's deliberate indifference and/or substantial departures from professional judgment, practices or standards proximately caused and/or aggravated the injuries and damages suffered by the Plaintiffs.

## COUNT 4

### (Defendant Doe Certifier-Supervisor 2)

140.    Defendant Doe Certifier-Supervisor 2 was a state actor when he or she supervised Defendant Martin's recertification of the Mooneys and their subsequent homes and surrounding environments, the placement and/or continued placement of medically fragile infants and toddlers and the Plaintiffs in those homes, and when she conducted the medical support group meetings, follow-up and supervision of the Mooneys and the safety, health and well-being of the Plaintiffs.

141.    Defendant Doe Certifier-Supervisor 2 acted with deliberate indifference to the Plaintiffs' recognized liberty interests and rights and/or departed substantially from accepted professional judgment, practice or standards in one or more of the following ways:

a) In acquiescing in, allowing or approving Defendant Martin to certify and/or recertify the Mooneys to act as a DHS-certified family;

b) In acquiescing in, allowing or approving Defendant Martin to certify and/or recertify the Mooneys' homes;

29 - COMPLAINT AND JURY TRIAL DEMAND

RIZZO MATTINGLY BOSWORTH PC
411 SW Second Avenue
Suite 200
Portland, OR 97204
T: 503.229.1819 | F: 503.229.0630

c) In acquiescing in, allowing or approving the Mooneys to provide care for medically fragile infants and toddlers;

d) In acquiescing in, allowing or approving the placement and continuing placement and confinement of the Plaintiffs in the Mooneys' homes;

e) In ignoring information in the Plaintiffs' ongoing case plans regarding physical and psychological signs and symptoms of sexual abuse and child abuse;

f) In acquiescing in, allowing or approving Defendant Martin to ignore the Mooneys' inability to demonstrate and maintain the ability to manage their home and personal affairs, and to have adequate financial resources to support the household independent of the monthly DHS-financed payments and reimbursements;

g) In acquiescing in, allowing or approving Defendant Martin's inability to protect the health, safety and well-being of the Plaintiffs; and/or

h) In acquiescing in, allowing or approving Defendant Martin's enmeshment with the Mooneys.

142.    Defendant Doe Certifier-Supervisor 2's deliberate indifference and/or substantial departures from professional judgment, practices or standards proximately caused and/or aggravated the injuries and damages suffered by the Plaintiffs.

## COUNT 5

### (Defendant Jane Doe Adoption Caseworker)

143.    Defendant Jane Doe Adoption Caseworker was a state actor when she handled the adoptive placement in the Mooneys' DHS-certified home on or about late 2008 or early 2009. Doe Adoption Caseworker certified and/or recommended the Mooneys' application and/or request to become adoptive parents for a child who was previously a medically fragile foster

RIZZO MATTINGLY BOSWORTH PC
411 SW Second Avenue
Suite 200
Portland, OR 97204
T: 503.229.1819 | F: 503.229.0630

child that DHS had placed and confined in the Mooneys DHS-certified home.

144.    Doe Adoption Caseworker acted with deliberate indifference to the Plaintiffs' recognized liberty interests and rights and/or substantially departed from accepted professional judgment, practice or standards in one or more of the following ways:

g)    In certifying or recommending certification of the Mooneys' application to become a adoptive parents to medically fragile infant;

h)    In failing to request the Mooneys to provide any cognitive, counseling, educational, emotional, medical or psychiatric or psychological records

i)    In failing to request the Mooneys to undergo cognitive, emotional, medical, psychiatric or psychological evaluation or sex offender assessment; and/or

j)    In conducting a cursory and/or inadequate background investigation and check on the Mooneys.

145.    Defendant Doe Adoption Caseworker's deliberate indifference and/or substantial departures from professional judgment, practices or standards proximately caused the injury and damage suffered by the Plaintiffs.

## COUNT 6

### (Defendant Jane or John Doe Adoption Caseworker-Supervisor)

146.    Defendant Doe Adoption Caseworker-Supervisor was a state actor acted when he or she approved Defendant Jane Doe Adoption Caseworker's certification and/or recommended certification of the Mooneys' application to become adoptive parents to a medically fragile infant.

147.    Defendant Doe Adoption Caseworker-Supervisor acted with deliberate indifference to the Plaintiffs' recognized liberty interests and rights and/or departed substantially

RIZZO MATTINGLY BOSWORTH PC
411 SW Second Avenue
Suite 200
Portland, OR 97204
T: 503.229.1819 | F: 503.229.0630

from accepted professional judgment, practice or standards in one or more of the following ways:

i)   In acquiescing in or approving Jane Doe Adoption Caseworker's certification or recommended certification of the Mooneys to act as adoptive parents to a medically fragile infant;

j)   In acquiescing  in, approving or ignoring Jane Doe Adoption Caseworker's failure to request the Mooneys to provide any cognitive, counseling, educational, emotional, medical or psychiatric or psychological records;

k)   In acquiescing  in, approving or ignoring Jane Doe Adoption Caseworker's failure to request the Mooneys to undergo cognitive, emotional, medical, psychiatric or psychological evaluation or sex offender assessment;

l)   In acquiescing  in, approving or ignoring Jane Doe Adoption Caseworker's failure to conduct a comprehensive and/or thorough background investigation and check on the Mooneys;  and/or

m)  In having provided inadequate training and/or an inadequate training program regarding adoptive placements. .

148.   Defendant Doe Adoption Caseworker-Supervisor's deliberate indifference and/or substantial departures from professional judgment, practices or standards proximately caused the injuries and damages suffered by the Plaintiffs.

## COUNT 7

### (Defendant James Earl Mooney)

149.   Defendant Mooney was the holder of a DHS Certificate of Approval.  The formal issuance of the DHS Certificate of Approval was essential to the creation, maintenance and

RIZZO MATTINGLY BOSWORTH PC
411 SW Second Avenue
Suite 200
Portland, OR 97204
T: 503.229.1819 | F: 503.229.0630

operation of a certified foster home for the Plaintiffs who were in the care, custody and control of DHS.

150.    DHS compensated, supervised and trained Defendant Mooney to protect the health, safety and well-being of the Plaintiffs that DHS placed and confined in the Mooneys' DHS-certified homes.

151.    Defendant Mooney was a state actor, and/or he acted under color of state law when he subjected the Plaintiffs to sexual abuse by attempting to comfort or punish them and/or by gratifying his sexual desires, and/or when he subjected the Plaintiffs' health, safety and welfare to a substantial risk of harm and therefore to child abuse.

152.    Defendant Mooney acted with deliberate indifference to the Plaintiffs' recognized liberty interests and rights and/or departed substantially from accepted professional judgment, practice or standards in one or more of the following ways:

a)  In depriving the Plaintiffs of the right to bodily integrity;

b)  In depriving the Plaintiffs of the right to be protected from bodily harm;

c)  In exercising a lack of judgment and demonstrating irresponsible, unstable and emotionally immature behavior;

d)  In applying ineffective childrearing and behavior intervention practices;

e)  In disrespecting the Plaintiffs' sexual orientation and disabilities, destroying positive personal relationships and self-esteem and incorporating punitive discipline;

f)  In using inappropriate discipline strategies to address the Plaintiffs' challenging behaviors;

g)  In using physical force and intimidation to restrain and abuse the Plaintiffs;

h)  In refusing to seek assistance when the challenging behaviors were beyond his ability to

RIZZO MATTINGLY BOSWORTH PC
411 SW Second Avenue
Suite 200
Portland, OR 97204
T: 503.229.1819 | F: 503.229.0630

care for and discipline the Plaintiffs in a positive manner;

i)  In subjecting each and every Plaintiff to abuse as defined in ORS 419B.005; and/or

j)  In subjecting the Plaintiffs to threatened harm, which means subjecting any child to a substantial risk of harm to the child's health or welfare.

153.    From approximately February 2007 to May 2011, each and every act constituting sexual abuse and/or child abuse of each Plaintiffs was a separate occurrence, and regarding each and every such occurrence Defendant Mooneys acted with deliberate indifference and/or substantially departed from professional judgment, practices or standards and proximately caused and/or aggravated the injuries and damages suffered by the Plaintiffs.

## COUNT 8

### (Defendant Doe Caseworkers A. 1-9)

154.    Defendant Doe Caseworkers A. 1-9 were state actors when they (each of them) monitored the ongoing health, safety and well-being of the Plaintiffs while they were placed and confined into one or more of the Mooneys' DHS-certified homes.

155.    Defendant Doe Caseworkers A. 1-9 acted with deliberate indifference to the Plaintiffs' recognized liberty interests and rights and/or departed substantially from accepted professional judgment, practice or standards in one or more of the following ways:

a)  In ignoring case plans regarding signs and symptoms of ongoing psychological distress and physical signs and symptoms that were consistent with and suggestive of sexual abuse and child abuse;

b)  In failing to individually and/or collectively review the Plaintiffs' ongoing case plans and related medical information for the Plaintiffs while they were confined into the Mooneys' DHS-certified homes;

RIZZO MATTINGLY BOSWORTH PC
411 SW Second Avenue
Suite 200
Portland, OR 97204
T: 503.229.1819 | F: 503.229.0630

c) In delaying until on or after April 29, 2011 to individually and/or collectively review their respective ongoing case plans and medical reports regarding the Plaintiffs while they were confined into the Mooneys' DHS-certified homes for evidence of physical and psychological signs and symptoms of sexual abuse and/or child abuse; and/or

d) In failing to protect the health, safety and well-being of the Plaintiffs.

156.    Defendant Doe Caseworkers A.1-9s' deliberate indifference and/or substantial departures from professional judgment, practices or standards proximately caused the injuries and damages suffered by the Plaintiffs.

## COUNT 9

### (Defendant Doe Caseworker-Supervisors B. 1-9)

157.    Defendant Doe Caseworker-Supervisors B. 1-9 were state actors when they (each of them) supervised Defendant Doe Caseworkers A. 1-9s' ongoing monitoring of the health, safety and well-being of the Plaintiffs while they were placed and confined into one or more of the Mooneys' DHS-certified homes.

158.    Defendant Doe Caseworker-Supervisors B. 1-9 acted with deliberate indifference to the Plaintiffs' recognized liberty interests and rights and/or departed substantially from accepted professional judgment, practice or standards in one or more of the following ways:

a) In acquiescing in, approving or allowing Doe Caseworkers A.1-9 to ignore case plans regarding signs and symptoms of ongoing psychological distress and physical signs and symptoms that were consistent with and suggestive of sexual abuse and child abuse;

b) In acquiescing in, approving or allowing Doe Caseworkers A.1-9s' failure to individually and/or collectively review the Plaintiffs' ongoing case plans and related medical information regarding the Plaintiffs while they were confined into the Mooneys' DHS-

35 - COMPLAINT AND JURY TRIAL DEMAND

RIZZO MATTINGLY BOSWORTH PC
411 SW Second Avenue
Suite 200
Portland, OR 97204
T: 503.229.1819 | F: 503.229.0630

certified homes;

c) In acquiescing in, approving or allowing Doe Caseworkers A.1-9s' delay and/or failure to review their respective ongoing case plans and medical reports for the Plaintiffs while they were confined into the Mooneys' DHS-certified homes for evidence of physical and psychological signs and symptoms of sexual abuse and/or child abuse;

d) In failing to protect the health, safety and well-being of the Plaintiffs; and/or

e) In having provided inadequate training and/or an inadequate training program regarding the ongoing monitoring of the health, safety and well-being of medically fragile infants and toddlers, including the Plaintiffs.

159.    Defendant Doe Caseworker-Supervisors B. 1-9s' deliberate indifference and/or substantial departures from professional judgment, practices or standards proximately caused the injuries and damages suffered by the Plaintiffs.

## COUNT 10

### (Defendant Doe Caseworkers C. 1-50)

160.    Defendant Doe Caseworkers C. 1-50 acted under color of state law when they (each of them) monitored the ongoing health, safety and well-being of the Unidentified Plaintiffs while they were placed and confined into one or more of the Mooneys' DHS-certified homes.

161.    Defendant Doe Caseworkers C.1-50 acted with deliberate indifference to the Unidentified Plaintiffs' recognized liberty interests and rights and/or departed substantially from accepted professional judgment, practice or standards in one or more of the following ways:

a) In ignoring case plans regarding signs and symptoms of ongoing psychological distress and physical signs and symptoms that were consistent with and suggestive of sexual abuse and child abuse;

36 - COMPLAINT AND JURY TRIAL DEMAND

RIZZO MATTINGLY BOSWORTH PC
411 SW Second Avenue
Suite 200
Portland, OR 97204
T: 503.229.1819 | F: 503.229.0630

b) In failing to individually and/or collectively review the Unidentified Plaintiffs' ongoing case plans and related medical information for the Plaintiffs while they were confined into the Mooneys' DHS-certified homes;

c) In delaying until on or after April 29, 2011 to individually and/or collectively review their respective ongoing case plans and medical reports for the Unidentified Plaintiffs while they were confined into the Mooneys' DHS-certified homes for evidence of physical and psychological signs and symptoms of sexual abuse and/or child abuse; and/or

d) In failing to protect the health, safety and well-being of the Unidentified Plaintiffs.

162.    Defendant Doe Caseworkers C. 1-50s' deliberate indifference and/or substantial departures from professional judgment, practices or standards proximately caused the injuries and damages to the Unidentified Plaintiffs.

## COUNT 11

### (Defendant Doe Caseworker-Supervisors D. 1-50)

163.    Defendant Doe Caseworker-Supervisors D. 1-50 acted under color of state law when they (each of them) supervised Doe Caseworkers C. 1-50s' ongoing monitoring of the health, safety and well-being of the Unidentified Plaintiffs while they were placed and confined into one or more of the Mooneys' DHS-certified homes.

164.    Defendant Doe Caseworker-Supervisors D. 1-50 acted with deliberate indifference to the Unidentified Plaintiffs' recognized liberty interests and rights and/or departed substantially from accepted professional judgment, practice or standards in one or more of the following ways:

RIZZO MATTINGLY BOSWORTH PC
411 SW Second Avenue
Suite 200
Portland, OR 97204
T: 503.229.1819 | F: 503.229.0630

a) In acquiescing in, approving or allowing Doe Caseworkers C.1-50 to ignore case plans regarding signs and symptoms of ongoing psychological distress and physical signs and symptoms that were consistent with and suggestive of sexual abuse and child abuse;

b) In acquiescing in, approving or allowing Doe Caseworkers C.1-50s' failure to individually and/or collectively review the Unidentified Plaintiffs' ongoing case plans and related medical information for the Plaintiffs while they were confined into the Mooneys' DHS-certified homes;

c) In acquiescing in, approving or allowing Doe Caseworkers C.1-50s' delay and/or failure to review their respective ongoing case plans and medical reports for the Unidentified Plaintiffs while they were confined into the Mooneys' DHS-certified homes for evidence of physical and psychological signs and symptoms of sexual abuse and/or child abuse;

d) In failing to protect the health, safety and well-being of the Unidentified Plaintiffs; and/or

e) In having provided inadequate training and/or an inadequate training program regarding the ongoing monitoring of the health, safety and well-being of medically fragile infants and toddlers, including the Unidentified Plaintiffs.

165.    Defendant Doe Caseworker-Supervisors D. 1-50s' deliberate indifference and/or substantial departures from professional judgment, practices or standards proximately caused the injuries and damages suffered by the Unidentified Plaintiffs.

## COUNT 12

### (Defendant Tanya Burroughs)

166.    Defendant Tanya Burroughs was a state actor when she was notified regarding AG's April 29, 2011 statement and was primarily responsible for performing certain defined activities and duties as a member of the multidisciplinary investigative team regarding

RIZZO MATTINGLY BOSWORTH PC
411 SW Second Avenue
Suite 200
Portland, OR 97204
T: 503.229.1819 | F: 503.229.0630

assessment of child abuse report.

167.    Defendant Burroughs acted with deliberate indifference to the Plaintiffs and Unidentified Plaintiffs' recognized liberty interests and rights and/or departed substantially from accepted professional judgment, practice or standards without budgetary constraint in one or more of the following ways:

a)  In delaying and/or refusing to notify all of the Plaintiffs that Defendant Mooneys' actions subjected them to a substantial risk of harm to their health or welfare, and, therefore to child abuse;

b)  In refusing to recognize that all of the Plaintiffs had suffered abuse and needed to be medically and psychologically evaluated following the April 29, 2011 report and/or the June 21, 2011 admissions in order to rule out further risk to their health, safety and well-being and/or disease, and to protect their respective families and siblings;

c)  In refusing to offer and/or provide all of the Plaintiffs with medical and psychological valuations following the April 29, 2011 report and/or the June 21, 2011 admissions in order to rule out any further risk to their health, safety and well-being and/or disease, and to protect their respective families and siblings;

d)  In attempting to minimize and/or conceal the extent and magnitude of the abuse at the expense of the best interests of all of the Plaintiffs; and/or

e)  In refusing to protect the health, safety and well-being of all of the Plaintiffs.

168.    Defendant Burroughs' deliberate indifference and/or substantial departures from professional judgment, practices or standards proximately caused and/or aggravated injury and damage to all of the Plaintiffs.

## COUNT 13

39 - COMPLAINT AND JURY TRIAL DEMAND

**(Defendant Diane Bradley)**

169.    Defendant Diane Bradley was a state actor when she was notified of AG's April 29, 2011. Defendant Bradley supervised Defendant Burroughs and directed the agency's actions in the multidisciplinary team investigation, the manner and timing of Defendant Burroughs' actions and communications with the Plaintiffs the Mooneys and the nature and extent of DHS' involvement in the prosecution.

170.    Defendant Bradley acted with deliberate indifference to the Plaintiffs and Unidentified Plaintiffs' recognized liberty interests and rights and/or departed substantially from accepted professional judgment, practice or standards in one or more of the following ways:

a)  In acquiescing in, allowing or approving the delay and/or refusal to notify all of the Plaintiffs that Defendant Mooneys' actions subjected them to a substantial risk of harm to their health or welfare, and, therefore to child abuse;

b)  In acquiescing in, allowing or approving the refusal to recognize that all of the Plaintiffs had suffered abuse and needed to be medically and psychologically evaluated following the April 29, 2011 report and/or the June 21, 2011 admissions in order to rule out further risk and/or disease, and to protect their respective families and siblings;

c)  In acquiescing in, allowing or approving the refusal to offer and provide all of the Plaintiffs with medical and psychological examinations following the April 29, 2011 report and/or the June 21, 2011 admissions in order to rule out further risk and/or disease, and to protect their respective families and siblings;

d)  In acquiescing in, allowing or directing the attempts to contain or conceal the extent and magnitude of the abuse at the expense of the best interests of the Plaintiffs;

e)  In acquiescing in, allowing or directing the refusal to protect the health, safety and well-

40 - COMPLAINT AND JURY TRIAL DEMAND

RIZZO MATTINGLY BOSWORTH PC
411 SW Second Avenue
Suite 200
Portland, OR 97204
T: 503.229.1819 | F: 503.229.0630

being of all of the Plaintiffs; and/or

f)   In having provided inadequate training and/or an inadequate training program regarding the need to first and foremost protect the health, safety and well-being of all of the Plaintiffs, and not DHS.

171.    Defendant Bradley's deliberate indifference and/or substantial departures from professional judgment, practices or standards proximately caused and/or aggravated the injuries and damages suffered by all of the Plaintiffs.

172.    From approximately February 2007 to May 2011, each and every act of sexual abuse and/or exposure to sexual abuse and/or each and every act of child abuse of each of the Plaintiffs was a separate occurrence and violation of the Plaintiffs' federally recognized liberty interests and each and every such occurrence and violation was a proximate cause of the injuries and damages suffered by all of the Plaintiffs.

173.    As a result of the above-alleged conduct, each Plaintiff suffered non-economic injury and damage, including emotional, mental and/or physical harm and injury.  Each Plaintiff has suffered and will continue to suffer anxiety, attachment and avoidance dysfunction, confusion, difficulty forming mature and positive personal relationships, emotional distress, fear, lack of self-esteem, lack of security, lack of trust and suspicion of caregivers and physical injury and abuse, and/or  an impaired ability to be reunified with their birth family(ies).  The Plaintiffs' non-economic injuries and damages are or may be permanent.

174.    The Plaintiffs seek individually to recover non-economic damages in the following amounts:

A.G. seeks non-economic damages in the amount of         $5,000,000;

B.J. seeks non-economic damages in the amount of         $2,750,000;

RIZZO MATTINGLY BOSWORTH PC
411 SW Second Avenue
Suite 200
Portland, OR 97204
T: 503.229.1819 | F: 503.229.0630

| | |
|---|---|
| D.S. seeks non-economic damages in the amount of | $750,000; |
| E.K. seeks non-economic damages in the amount of | $1,750,000; |
| E.P.-D. seeks non-economic damages in the amount of | $3,250,000; |
| J.B. seeks non-economic damages in the amount of | $2,750,000; |
| M.F. seeks non-economic damages in the amount of | $5,000,000; |
| S.B. seeks non-economic damages in the amount of | $800,000. |

175.    As a result of the above alleged conduct, each Plaintiff suffered economic damages, including counseling, medical and psychological treatment, and treatment and special aids and needs for educational achievement.  The Plaintiffs seek to recover economic damages in the amount of $100,000, which is an amount that will be made more definite and certain by the time of trial.

176.    As a result of the above-alleged conduct, each Plaintiff seeks to recover punitive damages to punish Defendants for the malicious deprivations of federally protected liberty interests and constitutional rights and to deter such deprivations from occurring in the future. The amounts sought will be made more definite and certain at the time of trial.

177.    As a result of the above alleged conduct, each Plaintiff seeks to recover reasonable attorney fees, costs and disbursements as set forth in 42 USC §1988.

178.    Each of the Unidentified Plaintiffs reserves the right to plead non-economic damages, economic damages, punitive damages, and attorney fees and costs and disbursements.


**SECOND CLAIM FOR RELIEF – Violation of ORS 124.100, Abuse of Vulnerable Person**


179.    The Plaintiffs reallege and incorporate by reference the prior allegations alleged

RIZZO MATTINGLY BOSWORTH PC
411 SW Second Avenue
Suite 200
Portland, OR 97204
T: 503.229.1819 | F: 503.229.0630

in paragraphs 1 – 119, 172 – 174.

180.    The Plaintiffs lacked the capacity to meet the essential requirements for their health and safety, and they were not able to provide their health care, food, shelter, clothing, personal hygiene and other care.

181.    The Plaintiffs were incapacitated as set forth in ORS 124.100(1)(A)(c) and/or they were disabled, and they were susceptible to force, threat, duress, coercion and/or emotional and physical injury because they were physically and/or mentally impaired.

182.    The Plaintiffs were vulnerable as set forth in ORS 124.100(1)(B)(e)(C) and/or (D).

## (COUNT 1)

### (Against Defendants Martin,  Doe Defendants Certifier-Supervisor 2, Caseworkers A.1-9, and Caseworker-Supervisors B.1-9)

183.    Defendants Martin, Doe Defendants Certifier-Supervisor 2, Doe Defendant Caseworkers A.1-9, and Doe Defendant Caseworker-Supervisors B.1-9 permitted the physical abuse of the Plaintiffs where they knowingly acted and/or failed to act under circumstances in which a reasonable person should have known of the physical abuse as set forth in ORS 124.100(5).

184.    The defendants' statutory violations were a substantial factor in the cause of the injuries and damages suffered by the Plaintiffs.

## (COUNT 2)

### (Against Defendant Mooney)

185.    Defendant Mooney physically abused the Plaintiffs who were incapacitated persons and/or vulnerable persons.

43 - COMPLAINT AND JURY TRIAL DEMAND

RIZZO MATTINGLY BOSWORTH PC
411 SW Second Avenue
Suite 200
Portland, OR 97204
T: 503.229.1819 | F: 503.229.0630

186.    From approximately February 2007 to May 2011, each and every act of sexual abuse and/or exposure to sexual abuse and/or each and every act of child abuse of each of the Plaintiffs was a separate occurrence and violation of ORS 124.100, and each and every such violation was a substantial factor in the cause of the injury and damage suffered by the Plaintiffs.

187.    For each and every such statutory violation, each Plaintiff seeks to recover an amount equal to three times the non-economic damages alleged above in paragraphs 172 – 173 resulting from the physical abuse or $500, whichever is greater, as set forth in ORS 124.100(2)(b)

188.    For each and every such statutory violation, each Plaintiff seeks to recover amount equal to three times the economic damages alleged above in paragraph 174 resulting from the physical abuse as set forth in ORS 124.100(2)(a).

189.    For each and every such statutory violation, each Plaintiff seeks to recover reasonable attorney fees as set forth in ORS 124.100(2)(c), and reasonable fees for the services or a conservator or guardian *ad litem* as set forth in ORS 124.100(2)(d).

190.    For each and every such statutory violation, each Plaintiff seeks to recover punitive damages.  Each and every such violation was malicious or showed a reckless and outrageous indifference to a highly unreasonable risk of harm and was consciously indifferent to the health, safety and welfare of the Plaintiffs.  The amount of punitive damages sought will be made more definite and certain at the time of trial.

191.    Each of the Unidentified Plaintiffs reserves the right to seek non-economic, economic and punitive damages, and statutory attorney fees and guardian/conservator fees resulting from each of the above-alleged statutory violations.

### THIRD CLAIM FOR RELIEF – Negligence and/or Negligence *per se*

RIZZO MATTINGLY BOSWORTH PC
411 SW Second Avenue
Suite 200
Portland, OR 97204
T: 503.229.1819 | F: 503.229.0630

**(Against All Defendants)**

192.    The Plaintiffs reallege and incorporate by reference the prior allegations alleged in paragraphs 1 – 119, 172 – 175, 179 – 182, and 189.

193.    Each defendant was an agent and/or apparent agent, employee and joint partner of the other.  Each defendant acted in an individual capacity or an official capacity in the course and scope of his or her respective agency, employment and partnership duties and relationships.  All defendants were entwined and participated jointly and severally in the alleged acts and omissions.

## COUNT 1

**(Defendant Jane Doe Certifier)**

194.    Defendant Jane Doe Certifier was negligent and/or negligent *per se* in one or more of the following particulars:

a)    In failing to conduct an adequate fitness determination as set forth in OAR 413-120-0420(c)(8);

b)    In failing to obtain and/or review other criminal records information as set forth in OAR 413-120-0420(c)(11);

c)    In failing to adequately weigh Defendant Mooney's history of potentially disqualifying crimes or conditions as set forth in OAR 413-120-0457(1) and (2);

d)    In failing to determine that Defendant Mooney individually and/or the Mooneys collectively lacked the ability to exercise sound judgment and demonstrate responsible, stable, emotionally mature behavior as set forth in OAR 413-200-0308(3)(a);

e)    In failing to conduct a comprehensive inquiry into Defendant Mooney's personal and family history and family dynamics as set forth in OAR 413-200-0308(3)(g);

RIZZO MATTINGLY BOSWORTH PC
411 SW Second Avenue
Suite 200
Portland, OR 97204
T: 503.229.1819 | F: 503.229.0630

f)  In failing to determine that Defendant Mooney lacked the physical and mental capacity to care for a child as set forth in OAR 413-200-0308(3)(h);

g)  In failing to request or require the Mooneys to provide copies of medical reports from a health care professional as set forth in OAR 413-200-0308(3)(h);

h)  In failing to request or require the Mooneys to complete an expert evaluation and authorize DHS to obtain a report from the evaluator as set forth in OAR 413-200-0308(3)(h);

i)  In failing to request or require the Mooneys to provide cognitive, counseling, educational, emotional, medical or psychiatric or psychological records;

j)  In failing to request or require the Mooneys to undergo cognitive, emotional, medical, psychiatric or psychological evaluation or sex offender assessment;

k)  In failing to determine that Defendant Mooney lacked the ability to develop and use appropriate discipline strategies to address challenging behaviors as set forth in OAR 413-200-0358(1);

l)  In failing to conduct an adequate background investigation of the Mooneys;

m) In certifying or recommending certification of the Mooneys to act as a DHS-certified family;

n)  In certifying or recommending certification of the Mooneys' initial home and surrounding environment;

o)  In permitting Defendant Mooney to physically abuse the Plaintiffs as set forth in ORS 124.100(5); and/or

p)  In certifying or recommending certification of the Mooneys to provide care for medically fragile infants and toddlers.

46 - COMPLAINT AND JURY TRIAL DEMAND

195.    Doe Certifier's negligence was a substantial factor in the cause of the injuries and damages suffered by the Plaintiffs.

## COUNT 2

### (Defendant Doe Certifier-Supervisor 1)

196.    Defendant Doe Certifier-Supervisor was negligent and/or negligent *per se* in one or more of the following particulars:

a) In failing to adequately supervise Jane Doe Certifier's performance of the fitness determination as set forth in OAR 413-120-0420(c)(8);

b) In failing to adequately supervise Jane Doe Certifier's compilation and/or review of other criminal records information as set forth in OAR 413-120-0420(c)(11);

c) In failing to adequately supervise Jane Doe Certifier's weighing of Defendant Mooney's history of potentially disqualifying crimes or conditions as set forth in OAR 413-120-0457(1) and (2);

d) In failing to adequately supervise Jane Doe Certifier's determination that Defendant Mooney individually and/or the Mooneys collectively had the ability to exercise sound judgment and demonstrate responsible, stable, emotionally mature behavior as set forth in OAR 413-200-0308(3)(a);

e) In failing to adequately supervise Jane Doe Certifier's inquiry into Defendant Mooney's personal and family history and family dynamics as set forth in OAR 413-200-0308(3)(g);

f) In failing to adequately supervise Jane Doe Certifier's determination that Defendant Mooney had the physical and mental capacity to care for a child as set forth in OAR 413-200-0308(3)(h);

RIZZO MATTINGLY BOSWORTH PC
411 SW Second Avenue
Suite 200
Portland, OR 97204
T: 503.229.1819 | F: 503.229.0630

g) In failing to adequately supervise Jane Doe Certifier's decision or recommendation that the Mooneys need not provide copies of medical reports from a health care professional as set forth in OAR 413-200-0308(3)(h);

h) In failing to adequately supervise Jane Doe Certifier's decision or recommendation that the Mooneys need not complete an expert evaluation and authorize DHS to obtain a report from the evaluator as set forth in OAR 413-200-0308(3)(h);

i) In failing to adequately supervise Jane Doe Certifier's decision or recommendation that the Mooneys need not provide cognitive, counseling, educational, emotional, medical or psychiatric or psychological records;

j) In failing to adequately supervise Jane Doe Certifier's decision or recommendation that the Mooneys need not be requested or required to undergo cognitive, emotional, medical, psychiatric or psychological evaluation or sex offender assessment;

k) In failing to adequately supervise Jane Doe Certifier's determination that Defendant Mooney had the ability to develop and use appropriate discipline strategies to address challenging behaviors as set forth in OAR 4130200-0358(1);

l) In failing to adequately supervise Jane Doe Certifier's background investigation of the Mooneys;

m) In failing to adequately supervise Jane Doe Certifier's certification or recommended certification of the Mooneys to act as a DHS-certified family;

n) In failing to adequately supervise Jane Doe Certifier's certification or recommending certification of the Mooneys' initial home and surrounding environment;

o) In failing to adequately supervise Jane Doe Certifier's certification or recommending certification of the Mooneys to provide care for medically fragile infants and toddlers;

RIZZO MATTINGLY BOSWORTH PC
411 SW Second Avenue
Suite 200
Portland, OR 97204
T: 503.229.1819 | F: 503.229.0630

p) In failing to adequately train Jane Doe Certifier to perform a fitness determination and/or to weigh the Mooneys' applications to become a DHS-certified family; and/or

q) In failing to prevent Defendant Doe Certifier from permitting Defendant Mooney to physically abuse the Plaintiffs as set forth in ORS 124.100(5).

197.    Doe Certifier-Supervisor's negligence was a substantial factor in the cause of the injuries and damages suffered by the Plaintiffs.

## COUNT 3

### (Defendant Judi Martin)

198.    Defendant Martin was negligent and/or negligent *per se* in one or more of the following particulars:

a) In failing to conduct an adequate fitness determination as set forth in OAR 413-120-0420(c)(8);

b) In failing to obtain and/or review other criminal records information as set forth in OAR 413-120-0420(c)(11);

c) In failing to adequately weigh Defendant Mooney's history of potentially disqualifying crimes or conditions as set forth in OAR 413-120-0457(1) and (2);

d) In failing to determine that Defendant Mooney individually and/or the Mooneys collectively lacked the ability to exercise sound judgment and demonstrate responsible, stable, emotionally mature behavior as set forth in OAR 413-200-0308(3)(a);

e) In failing to conduct a comprehensive inquiry into Defendant Mooney's personal and family history and family dynamics as set forth in OAR 413-200-0308(3)(g);

f) In failing to determine that Defendant Mooney lacked the physical and mental capacity to care for a child as set forth in OAR 413-200-0308(3)(h);

RIZZO MATTINGLY BOSWORTH PC
411 SW Second Avenue
Suite 200
Portland, OR 97204
T: 503.229.1819 | F: 503.229.0630

g) In failing to request or require the Mooneys to provide copies of medical reports from a health care professional as set forth in OAR 413-200-0308(3)(h);

h) In failing to request or require the Mooneys to complete an expert evaluation and authorize DHS to obtain a report from the evaluator as set forth in OAR 413-200-0308(3)(h);

i) In failing to request or require the Mooneys to provide cognitive, counseling, educational, emotional, medical or psychiatric or psychological records;

j) In failing to request or require the Mooneys to undergo cognitive, emotional, medical, psychiatric or psychological evaluation or sex offender assessment;

k) In failing to determine that Defendant Mooney lacked the ability to develop and use appropriate discipline strategies to address challenging behaviors as set forth in OAR 4130200-0358(1);

l) In failing to conduct an adequate background investigation of the Mooneys;

m) In certifying or recommending recertification of the Mooneys to act as a DHS-certified family;

n) In certifying or recommending recertification of the Mooneys' initial home and surrounding environment; and/or

o) In certifying or recommending recertification of the Mooneys to provide care for medically fragile infants and toddlers;

p) In placing and continuing to place and confine the Plaintiffs in the Mooneys' homes;

q) In failing to adequately review information in the Plaintiffs' ongoing case plans regarding physical and psychological signs and symptoms of sexual abuse and child abuse;

r) In failing to adequately determine and/or recognize that the Mooneys were not able to

RIZZO MATTINGLY BOSWORTH PC
411 SW Second Avenue
Suite 200
Portland, OR 97204
T: 503.229.1819 | F: 503.229.0630

demonstrate and maintain the ability to manage their home and personal affairs, and to have adequate financial resources to support the household independent of the monthly DHS-financed payments and reimbursements as set forth in OAR 413-200-0308(3)(f);

s)   In permitting Defendant Mooney to physically abuse the Plaintiffs as set forth in ORS 124.100(5);

t)   In failing to adequately protect the health, safety and well-being of the Plaintiffs; and/or

u)   In failing to exercise professional judgment and avoid becoming enmeshed with the Mooneys.

199.   Defendant Martin's negligence was substantial factor in the cause of the injuries and damages suffered by the Plaintiffs.

## COUNT 4

### (Defendant Doe Certifier-Supervisor 2)

200.   Defendant Doe Certifier-Supervisor 2 was negligent and/or negligent *per se* in one or more of the following particulars:

a)   In failing to adequately supervise Defendant Martin's performance of the fitness determination as set forth in OAR 413-120-0420(c)(8);

b)   In failing to adequately supervise Defendant Martin's compilation and/or review other criminal records information as set forth in OAR 413-120-0420(c)(11);

c)   In failing to adequately supervise Defendant Martin's weighing of Defendant Mooney's history of potentially disqualifying crimes or conditions as set forth in OAR 413-120-0457(1) and (2);

d)   In failing to adequately supervise Defendant Martin's determination that Defendant Mooney individually and/or the Mooneys collectively had the ability to exercise sound

RIZZO MATTINGLY BOSWORTH PC
411 SW Second Avenue
Suite 200
Portland, OR 97204
T: 503.229.1819 | F: 503.229.0630

judgment and demonstrate responsible, stable, emotionally mature behavior as set forth in OAR 413-200-0308(3)(a);

e) In failing to adequately supervise Defendant Martin's inquiry into Defendant Mooney's personal and family history and family dynamics as set forth in OAR 413-200-0308(3)(g);

f) In failing to adequately supervise Defendant Martin's determination that Defendant Mooney had the physical and mental capacity to care for a child as set forth in OAR 413-200-0308(3)(h);

g) In failing to adequately supervise Defendant Martin's determination that the Mooneys need not  provide copies of medical reports from a health care professional as set forth in OAR 413-200-0308(3)(h);

h) In failing to adequately supervise Defendant Martin's determination that the Mooneys need not to complete an expert evaluation and authorize DHS to obtain a report from the evaluator as set forth in OAR 413-200-0308(3)(h);

i) In failing to adequately supervise Defendant Martin's determination that the Mooneys need not provide cognitive, counseling, educational, emotional, medical or psychiatric or psychological records;

j) In failing to adequately supervise Defendant Martin's determination that the Mooneys need not undergo cognitive, emotional, medical, psychiatric or psychological evaluation or sex offender assessment;

k) In failing to adequately supervise Defendant Martin's determination that Defendant Mooney had the ability to develop and use appropriate discipline strategies to address challenging behaviors as set forth in OAR 4130200-0358(1);

RIZZO MATTINGLY BOSWORTH PC
411 SW Second Avenue
Suite 200
Portland, OR 97204
T: 503.229.1819 | F: 503.229.0630

l)  In failing to adequately supervise Defendant Martin's background investigation of the Mooneys;

m)  In failing to adequately supervise Defendant Martin's certification or recommended recertification of the Mooneys to act as a DHS-certified family;

n)  In failing to adequately supervise Defendant Martin's certification or recommended recertification of the Mooneys' initial home and surrounding environment;

o)  In failing to adequately supervise Defendant Martin's certification or recommended recertification of the Mooneys to provide care for medically fragile infants and toddlers;

p)  In failing to adequately supervise Defendant Martin's placement and confinement and continued placement and confinement of the Plaintiffs in the Mooneys' homes;

q)  In failing to adequately supervise Defendant Martin's review of the information in the Plaintiffs' ongoing case plans regarding physical and psychological signs and symptoms of sexual abuse and child abuse;

r)  In failing to adequately supervise Defendant Martin's determination that the Mooneys were able to demonstrate and maintain the ability to manage their home and personal affairs, and to have adequate financial resources to support the household independent of the monthly DHS-financed payments and reimbursements as set forth in OAR 413-200-0308(3)(f);

s)  In failing to adequately supervise Defendant Martin's ability to protect the health, safety and well-being of the Plaintiffs;

t)  In failing to adequately supervise Defendant Martin's exercise of professional judgment and her enmeshment with the Mooneys;

u)  In failing to prevent Defendant Martin from permitting Defendant Mooney to physically

RIZZO MATTINGLY BOSWORTH PC
411 SW Second Avenue
Suite 200
Portland, OR 97204
T: 503.229.1819 | F: 503.229.0630

abuse the Plaintiffs as set forth in ORS 124.100(5) and/or

    v)  In failing to adequately train Defendant Martin to act as a DHS certifier in compliance with DHS administrative rules and procedures.

    201.    Defendant Doe Certifier-Supervisor 2's negligence was a substantial factor in the cause of the injuries and damages suffered by the Plaintiffs.

## COUNT 5

### (Defendant Jane Doe Adoption Caseworker)

    202.    Defendant Jane Doe Adoption Caseworker knew that the Mooneys were acting as a DHS-certified family and that the Plaintiffs were accessible and susceptible to Defendant Mooney, and this defendant was negligent and/or negligent *per se* in one or more of the following particulars:

    a)  In failing to conduct an adequate fitness determination as set forth in OAR 413-120-0420(c)(8);

    b)  In failing to obtain and/or review other criminal records information as set forth in OAR 413-120-0420(c)(11);

    c)  In failing to adequately weigh Defendant Mooney's history of potentially disqualifying crimes or conditions as set forth in OAR 413-120-0457(1) and (2);

    d)  In failing to determine that Defendant Mooney individually and/or the Mooneys collectively lacked the ability to exercise sound judgment and demonstrate responsible, stable, emotionally mature behavior as set forth in OAR 413-200-0308(3)(a);

    e)  In failing to conduct a comprehensive inquiry into Defendant Mooney's personal and family history and family dynamics as set forth in OAR 413-200-0308(3)(g);

    f)  In failing to determine that Defendant Mooney lacked the physical and mental capacity to

RIZZO MATTINGLY BOSWORTH PC
411 SW Second Avenue
Suite 200
Portland, OR 97204
T: 503.229.1819 | F: 503.229.0630

care for a child as set forth in OAR 413-200-0308(3)(h);

g) In failing to request or require the Mooneys to provide copies of medical reports from a health care professional as set forth in OAR 413-200-0308(3)(h);

h) In failing to request or require the Mooneys to complete an expert evaluation and authorize DHS to obtain a report from the evaluator as set forth in OAR 413-200-0308(3)(h);

i) In failing to request or require the Mooneys to provide cognitive, counseling, educational, emotional, medical or psychiatric or psychological records;

j) In failing to request or require the Mooneys to undergo cognitive, emotional, medical, psychiatric or psychological evaluation or sex offender assessment;

k) In failing to determine that Defendant Mooney lacked the ability to develop and use appropriate discipline strategies to address challenging behaviors as set forth in OAR 413-200-0358(1);

l) In failing to conduct an adequate background investigation of the Mooneys;

m) In certifying or recommending certification of the Mooneys to act as adoptive parents to a medically fragile infant; and/or

n) In permitting Defendant Mooney to physically abuse the Plaintiffs as set forth in ORS 124.100(5).

203.    Defendant Jane Doe Adoption Caseworker's negligence was a substantial factor in the cause of the injuries and damages suffered by the Plaintiffs.

## COUNT 6

### (Defendant Jane or John Doe Adoption Caseworker-Supervisor)

204.    Defendant Doe Adoption Caseworker-Supervisor knew that the Mooneys were

RIZZO MATTINGLY BOSWORTH PC
411 SW Second Avenue
Suite 200
Portland, OR 97204
T: 503.229.1819 | F: 503.229.0630

acting as a DHS-certified family and that the Plaintiffs were accessible and susceptible to Defendant Mooney, and this defendant was negligent and/or negligent *per se* in one or more of the following particulars:

a) In failing to adequately supervise Jane Doe Adoption Caseworker's performance of the fitness determination as set forth in OAR 413-120-0420(c)(8);

b) In failing to adequately supervise Jane Doe Adoption Caseworker's compilation and/or review of other criminal records information as set forth in OAR 413-120-0420(c)(11);

c) In failing to adequately supervise Jane Doe Adoption Caseworker's weighing of Defendant Mooney's history of potentially disqualifying crimes or conditions as set forth in OAR 413-120-0457(1) and (2);

d) In failing to adequately supervise Jane Doe Adoption Caseworker's determination that Defendant Mooney individually and/or the Mooneys collectively had the ability to exercise sound judgment and demonstrate responsible, stable, emotionally mature behavior as set forth in OAR 413-200-0308(3)(a);

e) In failing to adequately supervise Jane Doe Adoption Caseworker's inquiry into Defendant Mooney's personal and family history and family dynamics as set forth in OAR 413-200-0308(3)(g);

f) In failing to adequately supervise Jane Doe Adoption Caseworker's determination that Defendant Mooney had the physical and mental capacity to care for a child as set forth in OAR 413-200-0308(3)(h);

g) In failing to adequately supervise Jane Doe Adoption Caseworker's decision or recommendation that the Mooneys need not provide copies of medical reports from a health care professional as set forth in OAR 413-200-0308(3)(h);

RIZZO MATTINGLY BOSWORTH PC
411 SW Second Avenue
Suite 200
Portland, OR 97204
T: 503.229.1819 | F: 503.229.0630

h) In failing to adequately supervise Jane Doe Adoption Caseworker's decision or recommendation that the Mooneys need not complete an expert evaluation and authorize DHS to obtain a report from the evaluator as set forth in OAR 413-200-0308(3)(h);

i) In failing to adequately supervise Jane Doe Adoption Caseworker's decision or recommendation that the Mooneys need not provide cognitive, counseling, educational, emotional, medical or psychiatric or psychological records;

j) In failing to adequately supervise Jane Doe Adoption Caseworker's decision or recommendation that the Mooneys need not be requested or required to undergo cognitive, emotional, medical, psychiatric or psychological evaluation or sex offender assessment;

k) In failing to adequately supervise Jane Doe Adoption Caseworker's determination that Defendant Mooney had the ability to develop and use appropriate discipline strategies to address challenging behaviors as set forth in OAR 4130200-0358(1);

l) In failing to adequately supervise Jane Doe Adoption Caseworker's background investigation of the Mooneys;

m) In failing to adequately supervise Jane Doe Adoption Caseworker's certification or recommended certification of the Mooneys to act as adoptive parents to a medically fragile infant; and/or

n) In permitting Defendant Mooney to physically abuse the Plaintiffs as set forth in ORS 124.100(5).

205.    Doe Adoption Caseworker-Supervisor's negligence was a substantial factor in the cause of the injuries and damages suffered by the Plaintiffs.

**COUNT 7**

RIZZO MATTINGLY BOSWORTH PC
411 SW Second Avenue
Suite 200
Portland, OR 97204
T: 503.229.1819 | F: 503.229.0630

**(Defendant Mooney)**

206.    Defendant Mooney acted in the course and scope of his agency and/or employment relationship with DHS and its agents, authorized designees and/or employees.

207.    Defendant Mooney was negligent and/or negligent *per se* in one or more of the following particulars:

a)    In failing to exercise judgment and demonstrate responsible, stable and emotionally mature behavior as set forth in OAR 413-200-0308(3)(a);

b)    In failing to maintain conditions in the home that provided for the safety, health and well-being of the Plaintiffs, as set forth in OAR 413-200-0308(3)(c);

c)    In failing to have a lifestyle and personal habits free of criminal activity as set forth in OAR 413-200-0308(3)(e);

d)    In failing to learn and apply effective childrearing and behavior intervention practices as set forth in OAR 413-200-0308(3)(i)(A);

e)    In failing to incorporate positive non-punitive discipline and ways of helping the Plaintiffs build positive personal relationships and self-esteem as set forth in OAR 413-200-0308(4)(a) and incorporating punitive discipline;

f)    In subjecting the Plaintiffs to abuse as described in ORS 419B.005;

g)    In failing to develop and use appropriate discipline strategies to address the Plaintiffs' challenging behaviors as set forth in OAR 413-200-0358(1);

h)    In failing to protect the Plaintiffs from emotional abuse, and from physical and sexual abuse as set forth in OAR 413-010-0180(5);

i)    In physically abusing the Plaintiffs as set forth in ORS 124.100(2) and/or

j)    In failing to protect the Plaintiffs from threatened harm; and/or a substantial risk of harm

RIZZO MATTINGLY BOSWORTH PC
411 SW Second Avenue
Suite 200
Portland, OR 97204
T: 503.229.1819 | F: 503.229.0630

to their health or welfare;

208.    Defendant Mooney's negligence was a substantial factor in the cause of the

injuries and damages suffered by the Plaintiffs.

209.    From approximately February 2007 to May 2011, each and every act of abuse was

a separate occurrence of negligence, and each and every such occurrence was a substantial factor

in the cause of the injuries and damages suffered by the Plaintiffs.  The Unidentified Plaintiffs

reserve their rights to recover damages for Defendant Mooneys' negligence.

## COUNT 8

### (Defendant Doe Caseworkers A.1-9)

210.    Defendant Doe Caseworkers A. 1-9 were negligent and/or negligent *per se* in one

or more of the following particulars:

a)  In failing to protect the Plaintiffs from physical and sexual abuse as set forth in OAR

413-010-0180(5);

b)  In failing to review ongoing case plans regarding signs and symptoms of ongoing

psychological distress and physical signs and symptoms that were consistent with and

suggestive of sexual abuse and child abuse;

c)  In failing to individually and/or collectively review the Plaintiffs' ongoing case plans and

related medical information for the Plaintiffs while they were confined in the Mooneys'

DHS-certified homes;

d)  In failing to individually and/or collectively review their respective ongoing case plans

and medical reports for the Plaintiffs while they were confined in the Mooneys' DHS-

certified homes for evidence of physical and psychological signs and symptoms of sexual

abuse and/or child abuse until on or after April 29, 2011; and/or

RIZZO MATTINGLY BOSWORTH PC
411 SW Second Avenue
Suite 200
Portland, OR 97204
T: 503.229.1819 | F: 503.229.0630

e)  In failing to protect the rights of the Plaintiffs in the legal custody of DHS as set forth in OAR 413-010-0210.

211.    Defendant Doe Caseworkers A. 1-9's negligence was a substantial factor in the cause of the injuries and damages suffered by the Plaintiffs.

## COUNT 9

### (Defendant Doe Caseworker-Supervisors B.1-9)

212.    Defendant Doe Caseworker-Supervisors B.1-9 were negligent and/or negligent *per se* in one of more of the following particulars:

a)  In failing to adequately supervise Doe Caseworker A.1-9's  review and compilation of case plans regarding signs and symptoms of ongoing psychological distress and physical signs and symptoms that were consistent with and suggestive of sexual abuse and child abuse;

b)  In failing to adequately supervise Doe Caseworker A.1-9's  individual and/or collective review of the Plaintiffs' ongoing case plans and related medical information for the Plaintiffs while they were placed and confined in the Mooneys' DHS-certified homes;

c)  In failing to adequately supervise Doe Caseworker A.1-9's review of their respective ongoing case plans and medical reports for the Plaintiffs while they were confined in the Mooneys' DHS-certified homes for evidence of physical and psychological signs and symptoms of sexual abuse and/or child abuse;

d)  In failing to adequately supervise Doe Caseworker A.1-9's ability to protect the health, safety and well-being of the Plaintiffs; and/or

e)  In failing to adequately train Doe Caseworker A.1-9 regarding the ongoing monitoring of the health, safety and well-being of medically fragile infants and toddlers, including the

RIZZO MATTINGLY BOSWORTH PC
411 SW Second Avenue
Suite 200
Portland, OR 97204
T: 503.229.1819 | F: 503.229.0630

Plaintiffs.

213.    Defendant Doe Caseworker-Supervisors B.1-9's negligence was a substantial factor in the cause of the injuries and damages suffered by the Plaintiffs.

## COUNT 10

### (Defendant Does Caseworkers C. 1-50)

214.    Defendant Doe Caseworkers C. 1-50 were negligent and/or negligent *per se* in one of more of the following particulars:

a)  In failing to protect the Plaintiffs from physical and sexual abuse as set forth in OAR 413-010-0180(5);

b)  In failing to review ongoing case plans regarding signs and symptoms of ongoing psychological distress and physical signs and symptoms that were consistent with and suggestive of sexual abuse and child abuse;

c)  In failing to individually and/or collectively review the Plaintiffs' ongoing case plans and related medical information for the Plaintiffs while they were confined in the Mooneys' DHS-certified homes;

d)  In failing to individually and/or collectively review  their respective ongoing case plans and medical reports for the Plaintiffs while they were confined in the Mooneys' DHS-certified homes for evidence of physical and psychological signs and symptoms of sexual abuse and/or child abuse until on or after April 29, 2011; and/or

e)  In failing to protect the rights of the Plaintiffs in the legal custody of DHS as set forth in OAR 413-010-0210.

215.    Defendant Doe Caseworkers C. 1-50's negligence was a substantial factor in the cause of the injuries and damages suffered by the Unidentified Plaintiffs.

RIZZO MATTINGLY BOSWORTH PC
411 SW Second Avenue
Suite 200
Portland, OR 97204
T: 503.229.1819 | F: 503.229.0630

## COUNT 11

### (Defendant Doe Caseworker-Supervisors D. 1-50)

216.    Defendant Doe Caseworker-Supervisors D. 1-50 were negligent and/or negligent *per se* in one of more of the following particulars:

a)  In failing to adequately supervise Doe Caseworker C. 1-50's  review and compilation of case plans regarding signs and symptoms of ongoing psychological distress and physical signs and symptoms that were consistent with and suggestive of sexual abuse and child abuse;

b)  In failing to adequately supervise Doe Caseworker C. 1-50's  individual and/or collective review of the Plaintiffs' ongoing case plans and related medical information for the Plaintiffs while they were placed and confined in the Mooneys' DHS-certified homes;

c)  In failing to adequately supervise Doe Caseworker C. 1-50's review of their respective ongoing case plans and medical reports for the Plaintiffs while they were confined in the Mooneys' DHS-certified homes for evidence of physical and psychological signs and symptoms of sexual abuse and/or child abuse;

d)  In failing to adequately supervise Doe Caseworker C. 1-50's ability to protect the health, safety and well-being of the Plaintiffs; and/or

e)  In failing to adequately train Doe Caseworker C. 1-50 regarding the ongoing monitoring of the health, safety and well-being of medically fragile infants and toddlers, including the Plaintiffs.

217.    Defendant Doe Caseworker-Supervisors D. 1-50's negligence was a substantial factor in the cause of the injuries and damages suffered by the Unidentified Plaintiffs.

## COUNT 12

RIZZO MATTINGLY BOSWORTH PC
411 SW Second Avenue
Suite 200
Portland, OR 97204
T: 503.229.1819 | F: 503.229.0630

**(Defendant Tanya Burroughs)**

218.     Defendant Tanya Burroughs was negligent and/or negligent *per se* in one of more of the following particulars:

a)   In failing to have face-to-face contact with and interview the Plaintiffs, their siblings and other children living with them to assess whether the Plaintiffs were vulnerable to identified safety threats and assess their immediate safety when she knew and/or should have known that the Plaintiffs were abused, as set forth in OAR 413-015-0420(1)(c);

b)   In failing to have face-to-face contact with and interview Defendant Mooney and/or Mrs. Mooney to evaluate his or their reaction to allegations of abuse, and to gather information about Defendant Mooney and/or Mrs. Mooney in relation to the Plaintiffs' safety when she knew and/or should have known that the Plaintiffs were abused, as set forth in OAR 413-015-0420(1)(d);

c)   In failing to adequately inform all of the Plaintiffs and their respective adoptive, birth or foster families that they were subjected them to a substantial risk of harm to their health or welfare and/or that they were abused, as described in OAR 413-200-0352(4);

d)   In failing to facilitate a medical assessment of the Plaintiffs as set forth in OAR 413-015-0414(10) when she knew and/or should have known that the Plaintiffs were abused;

e)   In failing to offer and/or provide medical evaluations to all of the Plaintiffs following the April 29, 2011 report and/or the June 21, 2011 admissions in order to rule out further risk to their health, safety and well-being and/or disease when she knew and/or should have known that the Plaintiffs were abused;

f)   In failing to complete a safety analysis on behalf of the Plaintiffs as set forth in OAR413-015-0040(2)(f) when she knew and/or should have known that the Plaintiffs were abused;

RIZZO MATTINGLY BOSWORTH PC
411 SW Second Avenue
Suite 200
Portland, OR 97204
T: 503.229.1819 | F: 503.229.0630

g) In failing to develop an ongoing safety plan for the Plaintiffs as set forth in OAR 413-015-0400(2)(e) when she knew and/or should have known that the Plaintiffs were abused;

h) In failing to assure the Plaintiffs' safety through protective actions and/or ongoing safety planning as referenced in OAR 413-015-0115(5) when she knew and/or should have known that the Plaintiffs were abused;

i) In failing to complete a CPS assessment for all of the Plaintiffs as set forth in OAR 413-200-0419(1)(d)(c);

j) In attempting to minimize and/or conceal the extent and magnitude of the abuse to protect DHS at the expense of the best interests of the Plaintiffs; and/or

k) In failing to protect the health, safety and well-being of the Plaintiffs when she knew and/or should have known that the Plaintiffs were abused.

219.    Defendant Burroughs' negligence was a substantial factor in the cause of the injuries and damages suffered by all of the Plaintiffs.

## COUNT 13

### (Defendant Diane Bradley)

220.    Defendant Diane Bradley was negligent and/or negligent *per se* in one of more of the following particulars:

a) In acquiescing in, allowing or directing the lack of any face-to-face contact with and interview the Plaintiffs, their siblings and other children living with them to assess whether the Plaintiffs were vulnerable to identified safety threats and assess their immediate safety when she knew and/or should have known that the Plaintiffs were abused, as set forth in OAR 413-015-0420(1)(c);

b) In acquiescing in, allowing or directing the lack of any face-to-face contact with and

RIZZO MATTINGLY BOSWORTH PC
411 SW Second Avenue
Suite 200
Portland, OR 97204
T: 503.229.1819 | F: 503.229.0630

interview Defendant Mooney to evaluate his reaction to allegations of abuse, and to gather information about Defendant Mooney and the Mooneys in relation to the Plaintiffs' safety when she knew and/or should have known that the Plaintiffs were abused, as set forth in OAR 413-015-0420(1)(d);

c)  In acquiescing in, allowing or directing the failure to notify all of the Plaintiffs that Defendant Mooney had subjected them to a substantial risk of harm to their health or welfare, and/or that they were abused as described in OAR 413-200-0352(4);

d)  In acquiescing in, allowing or directing the failure to facilitate a medical assessment of the Plaintiffs as set forth in OAR 413-015-0414(10) when she knew and/or should have known that the Plaintiffs were abused;

e)  In acquiescing in, allowing or directing the failure to offer and/or provide medical evaluations to all of the Plaintiffs following the April 29, 2011 report and/or the June 21, 2011 admissions in order to rule out further risk to their health, safety and well-being and/or disease when she knew and/or should have known that the Plaintiffs were abused;

f)  In acquiescing in, allowing or directing the failure to complete a safety analysis on behalf of the Plaintiffs as set forth in OAR413-015-0040(2)(f) when she knew and/or should have known that the Plaintiffs were abused;

g)  In acquiescing in, allowing or directing the failure to develop an ongoing safety plan for the Plaintiffs as set forth in OAR 413-015-0400(2)(e) when she knew and/or should have known that the Plaintiffs were abused;

h)  In acquiescing in, allowing or directing the failure to assure the Plaintiffs' safety through protective actions and/or ongoing safety planning as referenced in OAR 413-015-0115(5) when she knew and/or should have known that the Plaintiffs were abused;

RIZZO MATTINGLY BOSWORTH PC
411 SW Second Avenue
Suite 200
Portland, OR 97204
T: 503.229.1819 | F: 503.229.0630

i)  In acquiescing in, allowing or directing the failure to complete a CPS assessment for all of the Plaintiffs as set forth in OAR 413-200-0419(1)(d)(c);

j)  In acquiescing in, allowing or directing the attempt to minimize and/or conceal the extent and magnitude of the abuse to protect DHS at the expense of the best interests of the Plaintiffs;

k)  In acquiescing in, allowing or approving the failure to protect the health, safety and well-being of the Plaintiffs when she knew and/or should have known that the Plaintiffs were abused; and/or

l)  In having provided inadequate training and/or an inadequate training program to protect the health, safety and well-being of the Plaintiffs.

221.    Defendant Bradley's negligence was a substantial factor in the cause of the injuries and damages suffered by all of the Plaintiffs.

## COUNT 14

### (Defendant DHS)

222.    Defendant DHS was negligent and/or negligent *per se* in one of more of the following particulars:

a)  In authorizing and/or allowing its certifiers and certifier-supervisors to certify the Mooneys to provide care for medically fragile newborns, infants and toddlers without having conducted a thorough and/or comprehensive background investigation;

b)  In authorizing and/or allowing its certifiers and certifier-supervisors to certify the Mooneys to provide care for medically fragile newborns, infants and toddlers without having requested or required the Mooneys to provide cognitive, counseling, educational, emotional, medical or psychiatric or psychological records;

RIZZO MATTINGLY BOSWORTH PC
411 SW Second Avenue
Suite 200
Portland, OR 97204
T: 503.229.1819 | F: 503.229.0630

c) In authorizing and/or allowing its certifiers and certifier-supervisors to certify the Mooneys to provide care for medically fragile newborns, infants and toddlers without having them first undergo cognitive, emotional, medical, psychiatric and/or psychological evaluation or sex offender assessment;

d) In certifying Defendant Mooney to provide care for medically fragile newborns, infants and toddlers;

e) In failing to have an apparatus and/or procedure which required Doe defendant caseworkers and Doe defendant caseworker-supervisors to individually and/or collectively review and compare ongoing case plans and related medical information for the Plaintiffs while they were placed and confined in the Mooneys' DHS-certified homes;

f) In delaying until on or after April 29, 2011 to request that Doe defendant caseworkers and Doe defendant caseworker-supervisors individually and/or collectively review and compare their respective ongoing case plans and medical reports for the Plaintiffs while they were placed and confined in the Mooneys' DHS-certified homes for evidence of physical and psychological signs and symptoms of sexual abuse and/or child abuse;

g) In allowing and/or permitting Defendant Martin and her Doe Defendant Caseworker-Supervisor to violate OAR 413-200-0308(3)(f) by rendering the Mooneys dependent on the agency, and by placing and continuing to place the Plaintiffs in the Mooneys' DHS-certified homes when the Mooneys did not have or maintain the ability to manage their homes and personal affairs and/or have adequate financial resources to support the household independent of the monthly DHS-financed payments and reimbursements;

h) In allowing and/or permitting Defendant Burroughs and Defendant Bradley to place the Plaintiffs and their respective siblings and families at further risk by failing to offer or

RIZZO MATTINGLY BOSWORTH PC
411 SW Second Avenue
Suite 200
Portland, OR 97204
T: 503.229.1819 | F: 503.229.0630

provide medical and psychological assessments when it knew or should have known that the Plaintiffs had been sexually abused and subjected to child abuse, and that therefore they were at increased risk of abuse and significant developmental, behavioral, and emotional problems;

i)   In allowing and/or permitting Defendant Burroughs and Defendant Bradley to use the multidisciplinary team investigation as a vehicle to minimize and conceal the extent and magnitude of the abuse from the Plaintiffs and their respective families, thereby placing its interests above the health, safety and well-being of the Plaintiffs; and/or

j)   In failing to protect the health, safety and well-being of the Plaintiffs.

223.    Defendant DHS's negligence was a substantial factor in the cause of the injuries and damages suffered by the Plaintiffs.

## FOURTH CLAIM FOR RELIEF - *Respondeat Superior*

## (Against DHS regarding the Second and Third Claims for Relief)

224.    The Plaintiffs reallege and incorporate by reference the prior allegations alleged in paragraphs 1 – 119, 171 – 175, and 179 – 220.

225.    All individual defendants acted in the course and scope of their respective agency, employment and partnership relationships with DHS and for and/or on behalf of one another and DHS is vicariously liable for all the individual defendants' acts and omissions under the doctrine of *respondeat superior*.

//

//

68 - COMPLAINT AND JURY TRIAL DEMAND

RIZZO MATTINGLY BOSWORTH PC
411 SW Second Avenue
Suite 200
Portland, OR 97204
T: 503.229.1819 | F: 503.229.0630

**FIFTH CLAIM FOR RELIEF: 42 USC §1983 – Preliminary Injunction**

**(Against Defendants DHS, Burroughs and Bradley)**

226.    The Plaintiffs reallege and incorporate by reference paragraphs 1 – 177.

227.    Prior to, on and after June 21, 2011, Defendants DHS, Burroughs and Bradley knew that the requisite features of Oregon's Title IV-E plan provided that a foster child's health and safety are of paramount concern, and that they were obligated and required to protect the safety, health and well-being of the medically fragile newborn, infant and toddler Plaintiffs that DHS placed and confined into the Mooneys' DHS-certified homes.

228.    On April 29, 2011, Defendants DHS, Burroughs and Bradley knew and should have known that A.G. was sexually abused, and/or exposed to sexual abuse which is itself abuse.

229.    Between April 29, 2011 and June 21, 2011, the defendants knew and should have known that A.G. was sexually abused and/or exposed to sexual abuse, and that all of the medically fragile newborn, infant and toddler Plaintiffs that DHS placed and confined into the Mooneys' DHS-certified homes were or may have been sexually abused and/or exposed to sexual abuse, and/or that all of the Plaintiffs were or had been subjected to harm and/or a substantial risk of harm, including any kind of damage, detriment, impairment and/or injury to their emotional, mental, physical and/or sexual development or functioning as a result of child abuse and/or as a result of child sexual abuse.

230.    On and after June 21, 2011, the defendants knew that the Plaintiffs were sexually abused and/or were exposed to sexual abuse and/or that all of the Plaintiffs were or had been subjected to harm and/or a substantial risk of harm, including any kind of damage, detriment, impairment and/or injury to their emotional, mental, physical and/or sexual development or functioning as a result of child abuse and/or as a result of child sexual abuse.

RIZZO MATTINGLY BOSWORTH PC
411 SW Second Avenue
Suite 200
Portland, OR 97204
T: 503.229.1819 | F: 503.229.0630

231.    The defendants knew therefore that as very young abused children, the Plaintiffs were rendered more vulnerable and placed at a substantially increased risk of incurring significant developmental, behavioral, emotional and/or medical problems, which would impact all of the caregivers, parents and siblings in the respective adoptive and birth families and/or foster family placements.

232.    The Defendants knew that the horrific acts of sexual abuse perpetrated on the medically fragile newborn, infant and toddler Plaintiffs caused disease or was capable of transmitting disease.  All defendants knew that the horrific acts of sexual abuse perpetrated on the medically fragile newborn, infant and toddler Plaintiffs caused or was capable of causing them to unknowingly act out sexually, engage in sexual play and/or to abuse or attempt to abuse other siblings.

233.    The defendants knew that absent thorough evaluation of the Plaintiffs and counseling for the the respective adoptive and birth families, such families will not or may not recognize and understand the inappropriate behavior and conduct which may in turn cause them to punish, shame or stigmatize the Plaintiffs and thereby further increase their respective injuries and damages.

234.    On information and belief, despite their knowledge of the horrific acts of sexual abuse, the defendants failed or refused to fully inform the Plaintiffs and their respective families regarding the legacy and sequelae of the abuse.

235.    On information and belief, despite their knowledge of the horrific acts of sexual abuse, the defendants also failed or refused to fully inform the Unidentified Plaintiffs and their respective families regarding the legacy and sequelae of the abuse.

236.    On and after June 21, 2011, all defendants knew that Defendant Mooney, who had

RIZZO MATTINGLY BOSWORTH PC
411 SW Second Avenue
Suite 200
Portland, OR 97204
T: 503.229.1819 | F: 503.229.0630

previously sexually abused dogs and cats and other infants, had private, unfettered and uninterrupted access and contact with all of the medically fragile newborn, infant and toddler Plaintiffs and knew that it was likely that he also sexually abused them, exposed them to sexual abuse and/or subjected them to child abuse.

237.    On information and belief, the defendants treated Defendant Mooney's voluntary admissions regarding the Plaintiffs as forthcoming, and they assumed that no other Plaintiffs were sexually abused and/or exposed to sexual abuse and/or child abuse.   On  information  and belief, the defendants failed to act in the best interests of all of the Plaintiffs and their respective families; the defendants sought to avoid incurring additional costs of treatment, media exposure and civil liability.

238.    The defendants abandoned their responsibility to fully protect all of the Plaintiffs against the legacy and sequelae of the abuse and acted with deliberate indifference and/or absent the exercise of professional judgment, practice or standards without budgetary constraint.

239.    The Plaintiffs seek a preliminary injunction in their favor and against the defendants in the following particulars:

a)    To identify the Unidentified Plaintiffs who were in the Mooneys' DHS-certified homes from February 2007 to May 18, 2011 in order to protect them in order to protect them and their respective families;

b)    To offer, pay for and provide for regular medical and psychological evaluations on all of the Plaintiffs and their affected siblings in order to protect them;

c)    To offer, pay for and provide counseling and treatment to all of the Plaintiffs' respective families necessary and sufficient to enable and teach them to deal with the legacy and sequelae of the abuse and to effectively parent and thereby protect the children from

71 - COMPLAINT AND JURY TRIAL DEMAND

further abuse, exploitation, punishment and/or shame.

240.    Absent prospective injunctive relief, the Plaintiffs and their respective siblings and families are likely to suffer irreparable injury and damage, and the balance of hardships tips in favor of protecting the present and future health, safety and well-being of all of the Plaintiffs, and against the defendants' interests.

241.    Each Plaintiff seeks to recover reasonable attorney fees, costs and disbursements as set forth in 42 USC §1988.

* * * *

## PRAYER

**WHEREFORE**, The Plaintiffs pray for judgment in their favor and against the Defendants as follows:

1.  On the First Claim for Relief: **42 USC §1983 – Deprivation of Civil Rights,** an award of non-economic damages in the amount of $22,050,000, economic damages in the amount of $100,000, punitive damages in an amount to be determined at the time of trial, attorney fees, and costs and disbursements.

2.  On the Second Claim for Relief: **Violation of ORS 124.100 – Abuse of Vulnerable Person,** an award of treble non-economic damages in the amount of  $66,150,000, treble economic damages in the amount of $300,000, punitive damages in an amount to be determined at the time of trial, statutory attorney fees, guardian fess and conservator fees, and costs and disbursements.

3.  On the Third Claim for Relief: **Negligence and/or Negligence *per se,*** an award of non-economic damages in the amount of $22,050,000, economic damages in the

72 - COMPLAINT AND JURY TRIAL DEMAND

RIZZO MATTINGLY BOSWORTH PC
411 SW Second Avenue
Suite 200
Portland, OR 97204
T: 503.229.1819 | F: 503.229.0630

amount of $100,000, punitive damages in an amount to be determined at the time of trial, and costs and disbursements.

4. On the Fourth Claim for Relief: ***Respondeat Superior,*** an award of non-economic damages in the amount of $22,050,000, economic damages in the amount of $100,000, punitive damages in an amount to be determined at the time of trial, and costs and disbursements.

5. On the Fifth Claim for Relief: **42 USC §1983 - Preliminary Injunction,** equitable relief in the form of a preliminary injunction in favor of the Plaintiffs, attorney fees, and costs and disbursements.

The Plaintiffs and Unidentified Plaintiffs seek other and further relief as the Court may deem equitable, just and proper.

Dated this _____ day of June, 2013.

RIZZO MATTINGLY BOSWORTH PC

By: _____
Steven Rizzo
srizzo@rizzopc.com
Rizzo Mattingly Bosworth PC
411 S.W. Second Avenue, Suite 200
Portland, OR 97204
Tel: (503) 229-1819
Fax: (503) 229-0630
ATTORNEYS FOR PLAINTIFFS

RIZZO MATTINGLY BOSWORTH PC
411 SW Second Avenue
Suite 200
Portland, OR 97204
T: 503.229.1819 | F: 503.229.0630