IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| A.G.; et al., | 3:13-cv-1051-AC |
| Plaintiffs, | OPINION AND ORDER |
| v. | |
| THE OREGON DEPARTMENT OF HUMAN SERVICES ("DHS"), a government agency; et al., | |
| Defendants. | |

ACOSTA, Magistrate Judge

*Introduction*

Plaintiffs filed a motion (Dkt. No. 282) to compel defendants to answer plaintiffs' second set of interrogatories. The court grants in part and denies in plaintiffs' motion.

*Background*

The court's prior opinions and orders contain detailed descriptions of the factual allegations

Page 1 - OPINION AND ORDER

at issue in this case. Thus, only a brief factual summary as context here is necessary.

Plaintiffs are minor children who allege they suffered sexual abuse by defendant James Mooney, a state-certified foster parent. Some or all of the plaintiffs suffer from developmental, emotional, or physical disabilities which render them especially vulnerable. The Oregon Department of Human Services ("DHS") is the state agency responsible for delivering and administering programs and services regarding child adoption, child welfare, child protective services, and foster care in Oregon. DHS certified Mooney and his wife to be foster parents. Between February 2007 and May 2011, DHS placed each of the plaintiffs in the Mooneys' care. While in the Mooneys' care, Mooney sexually abused each of the plaintiffs and did so on multiple occasions. In April 2011, one of those children reported Mooney's abuse, and DHS subsequently learned of the child's report. DHS removed all children from the Mooneys' care and investigated Mooney's conduct. In June 2011 Mooney confessed to law enforcement authorities that between 2007 and 2011 he committed multiple acts of sexual abuse against the children in his care and children in the care of other foster parents. In January 2012 Mooney was sentenced to prison on charges of sexual abuse against one of the plaintiffs. As relevant to the current motion, plaintiffs allege DHS knew or should have known of Mooney's behavior toward them, negligently supervised and monitored Mooney's behavior, and utilized inadequate or inappropriate foster parent certification and supervision processes and practices.

*Standards*

Rule 26 provides that "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." FED. R. CIV. P. 26(b)(1). The scope of discovery in a case is defined by those matters "relevant to any party's claim or defense[.]" *Id.* Thus, Plaintiffs' Third Amended Complaint (Dkt. No. 148) and the defenses asserted in defendants' currently

Page 2 - OPINION AND ORDER

operative answer, its Amended Answer (Dkt. No. 32), establish the scope of discovery. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." *Id.* Also, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

Federal Rule of Civil Procedure 37 controls plaintiffs' motion to compel. A propounding party may "move for an order compelling an answer, designation, production, or inspection" if:

(I) a deponent fails to answer a question asked under Rules 30 or 31;

(ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4);

(iii) a party fails to answer an interrogatory submitted under Rule 33, or

(iv) a party fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34.

FED. R. CIV. P. 37(a)(3)(B). Rule 37(a)(4) provides that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." FED. R. CIV. P 37(a)(4).

*Discussion*

Plaintiffs' claims arise from three essential and straightforward factual premises: (1) Mooney sexually abused each of the plaintiffs at various times between 2007 and 2011 when they were in his foster care; (2) DHS and the DHS employee-defendants knew or should have known of Mooney's sexually abusive conduct toward the plaintiffs; and (3) DHS wrongly certified Mooney to serve as a foster parent and then negligently supervised him. Defendants' answer asserts eight affirmative defenses, three of which are relevant to plaintiffs' motion to compel: statute of

Page 3 - OPINION AND ORDER

limitations, failure to serve an adequate or timely tort claims notice, and plaintiffs' damages are the result of the criminal acts others. This context informs the court's ruling on each interrogatory and response, as set out below.

> **INTERROGATORY NO. 12:** State Defendants' FRCP 12 Motions Against the Third Amended Complaint indicates that: "It is curious that Plaintiffs have chosen to add new Defendants, the presence of which will not enhance the amount of Plaintiffs' recovery (see, ORS 30.265(4)) . . . ." (ECF 183, n.5 p.12). Please identify and explain what you believe the amount of Plaintiffs' recovery is and why.
>
> **RESPONSE:** Objection. The State Defendants' analysis of Plaintiffs' claims is work product.

**RULING: DENIED.**

First, this interrogatory seeks defendants' attorney work product. The interrogatory does not ask for facts or the application of law to facts. Instead, plaintiffs seek to learn defendants' legal theories underlying defendants' theory of plaintiffs' claimed damages.

Second, plaintiffs are conducting discovery on defendants' motion arguments, not on facts relevant to their claims or the defenses listed in defendants' answer. The information sought in this interrogatory strays well away from the reasonable scope of discovery.

Third, to the extent this interrogatory seeks information that might have probative value to the issues in this case, the time, expense, and attenuation to the claims and defenses of the information sought outweighs any such probative value.

> **INTERROGATORY NO. 13:** State Defendants' FRCP 12 Motions Against the Third Amended Complaint (ECF 148) indicates that: "Once the Plaintiffs present a pleading that does not require a motion under FRCP 12, the State Defendants' Answer will admit negligence." (ECF 183, n.2 p.6). Please identify each allegation in the Third Amended Complaint on which you are prepared to admit negligence.
>
> **RESPONSE:** Objection. Interrogatory 13 requires Defendants to speculate on the content of a pleading not yet filed. The Third Amended Complaint is the subject of a Rule 12 motion which is currently pending.

**RULING: DENIED.**

First, as with Interrogatory No. 12, plaintiffs are conducting discovery on defendants' motion arguments. Second, although defendants represent they will admit negligence, they have not yet done so and are not required to do so. Plaintiffs cannot compel defendants to admit negligence or to disclose the allegations defendants might admit.

The court notes that on prior occasions, including at oral argument on discovery motions, defendants have represented they will admit negligence in this case. When defendants have made those references it has been to support their argument for limiting or denying discovery plaintiffs have requested from defendants. Defendants may admit negligence at a time of their choosing, but until they do the allegations in plaintiffs' Third Amended Complaint – including those undisclosed negligence allegations defendants are contemplating admitting – define the scope of discovery in this case. Defendants will not be permitted to use their stated intent to admit negligence to avoid complying with proper discovery requests.

> **INTERROGATORY NO. 14:** Please explain whether each admitted allegation of negligence identified in your response to Interrogatory No. 13 was, or was not, a cause of injury.
>
> **RESPONSE:** Not applicable.

**RULING: DENIED.**

*See* Ruling on Interrogatory No. 13.

> **INTERROGATORY NO. 15:** Please confirm whether you contend that the state law claims alleged in the Third Amended Complaint arose out of a single accident or occurrence and, if you so contend, please identify and explain the factual basis for your contention and the supporting legal authority.
>
> **RESPONSE:** To the extent Interrogatory No. 15 refers to the Oregon Tort Claims Act, the acts of negligence alleged in the Third Amended Complaint are a single occurrence, based upon the allegations of the Third Amended Complaint. Defendants object to the provision of legal authority as work product.

Page 5 - OPINION AND ORDER

**RULING: GRANTED.**

This interrogatory asks for factual information directly relevant to defendants' affirmative defenses of statute of limitations and untimely Tort Claim Notice. Defendants' response that the allegations in the Third Amended Complaint are a "single occurrence" is a legal conclusion, not a description of facts upon which defendants' statute of limitation and untimely notice defenses are based. Further, to the extent this interrogatory requires defendants to apply law to facts, they must do so. FED. R. CIV. P. 33(a)(2).

> **INTERROGATORY NO. 16:** In reference to State Defendants' Reply to Plaintiffs' Response to FRCP 12 Motions Against Third Amended Complaint, (ECF 208 p. 10), please identify the person(s) and/or source(s) supporting the statements that I) Ms. Barber "was present when DHS notified LaTamra Mooney on May 4, 2011" and ii) Mr. Mooney "may have sexually abused children" and that, iii) Ms. Barber's "knowledge is imputed to Plaintiff SB" and please identify the supporting legal authority.

**RESPONSE:** Objection. Work product.

**RULING: DENIED IN PART AS MOOT; GRANTED IN PART.**

Unlike plaintiffs' Interrogatory Nos. 12 and 13, this interrogatory seeks facts, not legal theories, which are relevant to defendants' affirmative defenses of statute of limitations and untimely Tort Claim Notice. Subsections (I) and (ii) call for the identify of witnesses having knowledge of facts related to two of defendants' defenses in the case. In their response to plaintiffs' motion to compel, defendants identify the person who heard the statements set out in subsections (I) and (ii). Thus, defendants need not answer these parts of the interrogatory. Subsection (iii) requires defendants to apply law to facts to explain how the statements Ms. Barber heard are imputed to Plaintiff S.B. Thus, defendants must answer subsection (iii).

> **INTERROGATORY NO. 17:** Please confirm whether you contend that Defendant Mooney was not acting as alleged (in Third Amended Complaint) within the scope of his alleged agency relationship and/or employment relationship with the Oregon

Department of Human Services, and if you so contend, identify and explain the factual basis for your contention and identify the supporting legal authority.

**RESPONSE:** Objection. Not relevant to any issue to be decided in this case.

**RULING: GRANTED IN PART, DENIED IN PART.**

The interrogatory's wording begins similarly to Interrogatory Nos. 12 and 13, which ask for defendants' legal theories. But this interrogatory's ultimate purpose is to learn the facts upon which defendants contend James Mooney was not acting within the scope of his employment or agency relationship with defendant DHS. Defendant's objection that the interrogatory is "[n]ot relevant to any issue in the case" is meritless, because there is no dispute that Mooney was a DHS certified foster parent at the times of the alleged sexual abuse. Further, the interrogatory is potentially relevant to the defendant's affirmative defense that plaintiffs' damages are the result of the criminal acts others. If Mooney is the or one of the "others" having engaged in criminal acts upon which defendants will base this affirmative defense, then defendants must say so in their answer and explain the facts upon which they base that contention.

Defendants' response to this interrogatory delves into the intricacies of the duties to defend and indemnify under Oregon's Tort Claims Act, but those obligations have nothing to do with plaintiffs' interrogatory. Plaintiffs ask that defendants describe the facts upon which they base the contention Mooney, as a certified foster parent, acted outside the scope and course of his employment on each occasion he is alleged to have sexually abused a foster child in his care or in the care of another foster parent. It is for the court, not the defendants, to decide at a later time whether the state is liable for Mooney's acts; for now, defendants must provide the facts upon which they base this contention, including applying law to facts, as necessary.

To the extent plaintiffs' interrogatory seeks information beyond the court's ruling, the

Page 7 - OPINION AND ORDER

motion is denied.

### Time for Defendant to Serve Supplemental Answers

Defendants shall provide its supplemental answers to the interrogatories as to which the court granted plaintiffs' motion within twenty-one (21) days of the date of entry of this order.

IT IS SO ORDERED.

DATED this 7th day of April, 2015.

JOHN V. ACOSTA
United States Magistrate Judge